STATE EX REL. ARTHUR A. CHATLOS *v.* HENRY L. ROWLAND.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 6—decided July 26, 1944.

*John J. Hunt,* for the appellant (plaintiff).

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellee (defendant).

ELLS, J. The plaintiff Chatlos owns and operates a restaurant business in Bridgeport and in connection therewith has sold beer under a permit for the sale of alcoholic liquor, limited to beer, issued by the liquor

control commission. Prior to August 31, 1942, the premises were in a Business Number 1 zone classification in which the sale of alcoholic liquor under a proper permit was not prohibited. On the date just mentioned the area in which the premises were located was reclassified and became a Business Number 3 zone. The ordinance provided that no building or premises located in such a zone should be used for the sale of alcoholic liquor under any restaurant permit. Thereupon, the use of the plaintiff's property as a restaurant selling alcoholic liquor under a restaurant permit for beer only became a nonconforming use, but as this use existed at the time the reclassification was made the use could be, and was, continued.

On July 16, 1943, the plaintiff desired to secure, for use in connection with the restaurant, in place of a permit for the sale of beer only, one for the sale of any kind of alcoholic liquor. Section 969e of the Cumulative Supplement of 1939 provides that permits for the sale of alcoholic liquor in any city or town "shall be confined to the parts thereof prescribed by zoning ordinances, if any." The application blank for a permit prescribed by the liquor control commission contains a certificate, to be signed by the proper municipal officer, that "the sale of alcoholic liquor" is not prohibited by the city's ordinances or by-laws at the location for which the permit is sought. An ordinance of the city provided that any such certificate should be indorsed solely by the zoning commission acting through its duly authorized agent. The defendant, as secretary of the zoning commission, was its authorized agent to sign the certificate. He refused, however, to do so. The plaintiff brought this action to compel him to sign it and has appealed from a judgment in his favor.

The sale of liquor in the restaurant constituted a

nonconforming use. The section of the zoning ordinance concerning such uses is quoted in the footnote.[1] The trial court concluded that the proposed change in the permit from one for the sale of beer only to one under which any kind of alcoholic liquor might be sold was not permissible under the ordinance and particularly under the section concerning nonconforming uses. From its memorandum of decision, it appears that it regarded the proposal as one which involved a change in the use of the premises and it construed the introductory paragraph of the section of the ordinance in

---

[1] Any non-conforming use existing at the time of the passage of these regulations may be continued and any existing building designed, arranged, intended, or devoted to a non-conforming use may be constructed and structurally altered, and the non-conforming use therein changed subject to the following regulations:

1. Limitation on Structural Alterations. The cost of structural alterations made in such building shall in no case exceed fifty per cent of its assessed value, nor shall the building be enlarged unless the use therein is changed to a conforming use.

2. Extension of Non-Conforming Use. No non-conforming use shall be extended at the expense of a conforming use.

3. Increase in Non-Conformity. In a residence zone, no building or premises devoted to a use permitted in a business zone shall be changed into a use excluded from a business zone.

4. Increase in Non-Conformity, Continued. In a residence zone or a business zone, no building or premises devoted to a use permitted in a light industrial zone shall be changed into a use excluded from a light industrial zone.

5. Structural Alteration, When Prohibited. In a residence, business or light industrial zone no building or premises devoted to a use excluded from a light industrial zone shall be structurally altered, if its use shall have been changed since the time of the passage of these regulations to another use also excluded from a light industrial zone.

6. Change in Non-Conforming Use, When Prohibited. In a residence, business or light industrial zone, no building devoted to a use excluded from a light industrial zone shall have its use changed to another which is also excluded from a light industrial zone if the building shall have been structurally altered since the time of the passage of these regulations.

7. Termination of Privilege of Non-Conforming User. The privilege of maintaining a non-conforming use upon any premises shall be terminated by any conforming use of such premises, or by the discontinuance for a period of one year of the non-conforming use of such premises. After such termination, the non-conforming use of such premises shall not be resumed and no use shall be made thereof except such as shall be permitted in the zone in which such premises are located.

question as permitting a change in use only when an existing building had been structurally altered. That the sale of all alcoholic liquors in the restaurant in place of the sale of beer only involves a change of use hardly admits of question; so far as the record shows, there was to be no enlargement of the existing use; no more space in the building was to be devoted to the restaurant, and it does not appear that more customers would be served therein; there would be, not an extension of use, but a definite alteration in it.

If the introductory paragraph of the ordinance stood alone, it would give support to the conclusion of the trial court. Reflection, however, brings to the fore the consideration that, if a change in use could only be brought about where a building has been structurally altered, then it would be possible at any time for any applicant to circumvent the ordinance by making some minimum structural alteration; and no legislative body would be apt to intend a limitation which could be so easily obviated. However, it is not necessary to go beyond the terms of the ordinance to see that this was not intended. Subparagraph 5 provides: "5. Structural Alteration, When Prohibited. In a residence, business or light industrial zone no building or premises devoted to a use excluded from a light industrial zone shall be structurally altered, if its use shall have been changed since the time of the passage of these regulations to another use also excluded from a light industrial zone." This provision obviously contemplates a change in use before there has been a structural alteration of the building. There is another similar lack of precision in the introductory paragraph; it makes no reference to an extension of a nonconforming use; but subparagraph 1 implies that such an extension is proper if it be not made at the expense of a conforming use.

Confronted with so much of ambiguity in the sections of the ordinance, we must construe it as a whole, and in such a way as to reconcile so far as possible its several provisions. *Kelly* v. *Dewey*, 111 Conn. 281, 286, 149 Atl. 840; *Merchants Bank & Trust Co.* v. *Pettison*, 112 Conn. 652, 655, 153 Atl. 789; *State ex. rel. Gray* v. *Quintilian*, 121 Conn. 300, 304, 184 Atl. 382. If, with these considerations in mind, we turn back to the introductory paragraph, we note the comma after the words "constructed and structurally altered," which suggests a break in the continuity of the two ideas expressed before and after its insertion; and while of course too much emphasis may not be put on such punctuation, it gains in significance in view of the fact that the printed form of the zoning ordinance first adopted in Bridgeport in 1926 was in the same form. *Tuohey* v. *Martinjak*, 119 Conn. 500, 502, 177 Atl. 721. The word "therein" may well be taken to refer to any "existing building." The provision with little violence to its language or punctuation may be read as follows: "Any non-conforming use existing at the time of the passage of these regulations may be continued; any existing building designed, arranged, intended, or devoted to a non-conforming use may be reconstructed and structurally altered; any non-conforming use in an existing building may be changed; all subject to the following regulations: . . ." So read, the ambiguity in the section disappears.

This particular provision appears not infrequently in zoning ordinances adopted by the municipalities of this state. In *Rice* v. *Zoning Board of Appeals of Milford*, 122 Conn. 435, 437, 190 Atl. 257, we considered an ordinance which contained the same language as the section in the present case, except that the conditions were three in number instead of seven. We said, "It will be noted that this section not only con-

tains the customary provision for the continuance of an existing non-conforming use but expressly authorizes a change in such use subject to the conditions therein stated." The ordinance apparently had its origin in the early zoning ordinance of Milwaukee. Williams, City Planning & Zoning, p. 327. It is more liberal to the nonconforming use than are many, perhaps most, zoning ordinances in the country at large. Recognizing that the ultimate purpose of zoning is to confine certain classes of buildings and uses to certain localities, it emphasizes, possibly overemphasizes, protection of "the special interests of those concerned." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 23, 157 Atl. 273. However that may be, the only consistent meaning which can be given to the ordinance as a whole is that, within the limitations of the subparagraphs, it permits a change of use even though the building is not structurally altered. As the change of use involved in the case before us is not prohibited by those regulations, the plaintiff is entitled to an order that the defendant sign the certificate.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiff.

In this opinion the other judges concurred.