The liquor control commission required that applications for permits to sell alcoholic liquors shall contain a certification by the proper municipal authority that such sales are not prohibited by the city ordinances or by-laws at the location for which the permit is sought. See State ex rel. Chatlos v. Rowland,131 Conn. 261, 262, 38 A.2d 785. The plaintiff presented to the defendant, who as city clerk was the official upon whom the duty to certify rested, an application for a restaurant permit for premises on West *Page 649 
Main Street in Meriden. General Statutes, Cum. Sup. 1939, 959e, provides that "A restaurant permit shall allow the retail sale of alcoholic liquors to be consumed on the premises." For reasons which we state later the defendant refused to certify the application and the plaintiff brought this action of mandamus. The trial court rendered judgment for the plaintiff and the defendant has appealed.
The case was tried upon an agreed statement of facts. An ordinance of the city of Meriden prohibits the sale of alcoholic liquor in restaurants which are within three hundred feet of another restaurant which sells liquor. The premises in question are within that distance of three such restaurants. The question was whether this ordinance constituted a zoning regulation. If it did, it was invalid, for the zoning authority of the city did not give fifteen days' notice of the time and place of a public hearing upon the adoption of the proposed ordinance at which parties in interest and witnesses might have an opportunity to be heard, in a newspaper having a substantial circulation in the city of Meriden, as required by General Statutes, 425; and no public hearing, in compliance with the statute, was held. On the other hand, if it was merely an independent police regulation, and not a part of the zoning laws of the city, the five days' notice required by the by-law and charter provisions was duly given, a hearing pursuant to the notice was held, and the required procedure in all other respects was followed. The court ruled that it was a zoning regulation and was void.
The applicable ordinances are printed in the footnote.[1] They were adopted by the court of common *Page 650 
council on October 4, 1937. They must be read together, for they took effect on the same date and *Page 651 
evidently were a part of a single plan of regulation. The parties stipulated that we might take judicial notice of the zoning regulations of Meriden as printed. They were adopted in 1927, which was during national prohibition, and naturally they did not seek to regulate places for the sale of liquor. That lack evidently led to the passage of the two ordinances in question. The defendant does not question the principle that, where *Page 652 
a city has adopted zoning and thereafter it is desired to change some provision of the zoning regulations, the methods set out in the statutes concerning zoning must be followed. Here there is an additional regulation, and the question is, is it really a part of the general plan of zoning in the city, or is it an independent police regulation? The answer must be found in the nature and purpose of the ordinance, its relation to the general plan of zoning in the city, its provisions and the terms it uses.
A sound explanation of zoning is found in an article in 37 Harvard Law Review 834. Paraphrasing what is said there, zoning may be defined as a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties. An ordinance affecting only a single or a few definite areas in a city is not in itself a zoning ordinance, though it designates that area or those areas by reference to their description in the zoning ordinance in effect in the city; e.g., an ordinance forbidding loitering on the streets in business zones as designated on the zoning map of the city would not in itself be a zoning ordinance.
Not only is the language of the two ordinances in question that usual in zoning ordinances, but together they cover five of the six zoning districts in the city. Their provisions are such as are usually found in zoning regulations. West Hartford v. Willetts, 125 Conn. 266,5 A.2d 13; State ex rel. Eramo v. Payne,127 Conn. 239, 16 A.2d 286; Benson v. Zoning Board,129 Conn. 280, 27 A.2d 389; Nielsen v. Board of Appeals, 129 Conn. 285, 27 A.2d 392; Shuman v. Brainard, 130 Conn. 564, 36 A.2d 113; State ex rel. Heimov v. Thomson, 131 Conn. 8, 37 A.2d 689; State ex rel. Chatlos v. Rowland, supra, 265. In fact *Page 653 
the pattern of these regulations is that of most of those before us in the cases cited. Particularly noteworthy is the language of 6 of the first ordinance printed; it provides that in a residence zone no building devoted to a nonconforming use shall be changed to a place where liquor may be sold; this would be a very ineffective attempt to restrict the sale of liquor in a residence zone unless it is read with 6 of the zoning ordinance, which permits only specified uses in such a district, none of which involve the sale of liquor. Moreover, whatever may be said of the provisions of the ordinance restricting such places in other districts as merely designed to protect peace and good order, this part of the ordinance can be regarded only as intended to serve the other recognized purposes of zoning.
The case of State ex rel. Eramo v. Payne, supra, directly involved the second of the two ordinances printed in the record before us. Both ordinances were printed in the record of that case at pages 8-10, and the city's brief (A-155 Rec. Briefs, back of p. 487) states: "The zoning laws of the City of Meriden are also a part of the Record, and said zoning laws of the City of Meriden appear in said Record on pages 8, 9, and 10. . . ." Accordingly, in our opinion (p. 240) we treated them as a part of Meriden's zoning laws. Also, in the record before us the defendant's original special defense referred to ordinances printed in the record as "The Zoning laws of the City of Meriden."
The ordinances in question were intended to be a part of the general plan of zoning in the city. They are not independent police regulations. They were not established in conformity to the requirements of the zoning statutes, and are void. In Strain v. Mims,123 Conn. 275, 280, 193 A. 754, we said: "Most zoning ordinances throw particular safeguards about the *Page 654 
making of changes after an ordinance of general application to a community has been adopted, which are intended to assure that the matter has been fully and fairly considered and is truly dictated by the public interests. Statutory requirements fixing the manner in which such changes shall be made should, in case of doubt, be construed with a view to accomplish this design and to give just protection to the rights of individual property owners; and those requirements should not be readily relaxed."
No question was raised at the trial concerning the propriety of a mandamus action, and no assignment of error raises the issue. Therefore we do not discuss it. Practice Book, 157, 363; see Heimov v. Thomson, supra, 14.
 There is no error.
In this opinion the other judges concurred.