WILLIAM GROSS *v.* JOSEPH RUBBO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided May 21, 1947

*Albert W. Hummel,* for the appellant (plaintiff).

*Joseph Brandon,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellees (defendants).

PER CURIAM. The plaintiff's automobile was properly parked at the curb on the westerly side of North Main Street in Waterbury and was unoccupied. The defendant driver drove his car into it. The trial court decided that he was suddenly confronted with an emergency not of his own creation and to which his own acts and conduct did not contribute, that he exercised proper care under the circumstances, and that, therefore, he was not negligent. The plaintiff has appealed.

The finding cannot be corrected in any material respect. Agency is admitted and we refer to the driver as the defendant. He was driving in a southerly direction at a speed of about twenty to twenty-five miles per hour, at night, on a wet pavement. Two cars were approaching from the opposite direction, one directly behind the other. When the defendant's vehicle was about twenty-five feet north of the parked car, the most southerly of the northbound automobiles suddenly and without warning cut out to its left onto its left-hand side of the road, directly into the path of the defendant's car. In order to avoid a head-on collision the defendant spontaneously and

automatically pulled sharply to his right and applied his brakes, but he collided with the rear of the parked car. The accident occurred in a congested residential district, and cars were parked on each side of the street.

The plaintiff contends that unlawful speed on the part of the defendant caused the emergency and that his subsequent prudent act could not nullify his primary negligence. *Pietrycka* v. *Simolan,* 98 Conn. 490, 498, 120 A. 310. Certainly we cannot say as matter of law that a speed of twenty to twenty-five miles an hour was improper under the circumstances, or that it constituted reckless operation, having regard to the width, traffic and use of the highway and the weather conditions.

A further claim is that where, as here, the only witness to the collision was the defendant, he should be held strictly accountable for any damage he inflicted upon innocent persons, any explanation offered by him as to how the accident happened should be weighed with the utmost caution by the trier, and all physical facts in relation to the accident should be given due consideration. The record shows that these considerations received proper attention. It is contended that there was a presumption of negligence on the part of the defendant which he did not rebut. A sufficient answer is that if there was any such presumption it was rebutted by adequate testimony.

There is no error.