## State ex rel. Max Haverback et al. *v.* Carlyle C. Thomson, Town Clerk

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued November 13, 1947—decided January 15, 1948

*H. D. Schofield,* with whom, on the brief, was *A. S. Bill,* for the appellant (defendant).

*George Schwolsky,* with whom was *John W. Joy,* for the appellees (plaintiffs).

DICKENSON, J.  This is an appeal from a judgment for the plaintiffs granting a peremptory writ of mandamus directing the defendant town clerk of West Hartford to certify to the liquor control commission that an application for the removal of the plaintiffs' package store to another location was not prohibited by the ordinances or by-laws of the town.

There is no finding.  The case apparently was decided upon facts alleged and admitted in the pleadings.  These are as follows:  The plaintiffs conducted a package store in a building in an industrial zone on the corner of New Park Avenue and New Britain Avenue in West Hartford.  The store was at 657 New Park Avenue.  They wished to change its location to 1050 New Britain Avenue, in the same building.  The location at 657 New Park Avenue had been used as a package store continuously since June 8, 1945.  Before August 6, 1945, there were no zoning regulations limiting the location of package stores.  The premises at 1050 New Britain Avenue, on August 6, 1945, and prior thereto were occupied and used by a wholesale liquor concern and were so arranged that they could have been used as a package store without alteration.  The area of the store was larger than that of the store on New Park Avenue.

The defendant refused to certify that the sale of liquor at the new location was not forbidden, on the grounds that (1) the zoning ordinance, and (2) a decision of the zoning board of appeals against the plaintiffs on an application for such removal, forbade it. Section 633h of the 1945 Supplement provides that the liquor control commission shall refuse permits in locations where the sale of liquor is prohibited by the zoning ordinance of any town or city, and the certificate in question, which the commission requires as a part of an application for the removal of a liquor permit, recites that issuance of the permit would not be in violation of such an ordinance. That the zoning board of appeals rejected the plaintiffs' application for the use of the premises at 1050 New Britain Avenue as a package store would not in any way affect the duty of the town clerk as regards the certificate. The proceeding before us is independent of the appeal to the board; *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 478, 196 A. 344; and the second ground for the defendant's refusal to issue the certificate is untenable.

Section 8 of "Zoning Regulations of the Town of West Hartford" (an exhibit in the case), relating to business districts, permits the use therein of buildings for package stores. Section 9, relating to an industrial district, permits any use therein permitted in a business district. Package stores are permitted uses in these two districts and not elsewhere. Section 17 (a) and (b) contains restrictions relating to the distance between such stores and between them and schools, churches and charitable institutions. The section then provides as follows: "The number of buildings or premises or portions thereof wherein alcoholic liq-

uors, beer, ale or wine are sold under either a restaurant, tavern, package store or club permit within the Town of West Hartford shall not hereafter exceed in the aggregate one for each fifteen hundred persons resident in the Town and for a determination of the number of persons resident in the Town at any time, the most recently completed Federal Census shall be the measure. The foregoing regulation shall not apply to buildings or premises used exclusively for the sale of alcoholic liquors, beer, ale or wine at wholesale, grocery stores selling canned or bottled beer or ale, or drug stores. The provisions of this regulation shall not be deemed to be retroactive, except that where a place existing for the selling of alcoholic beverages for consumption on the premises previously in use has been discontinued for a period of thirty days, such use shall not be resumed except in conformity with this regulation." When the zoning regulations were adopted on August 6, 1945, the location at 657 New Park Avenue was being used for a package store. At that time there were more outlets in the town than the number fixed by § 17 on the basis of the 1940 population census, and it is admitted that there now are more than this provision permits.

In the absence of a finding, we turn to the memorandum of the trial court to ascertain the legal conclusions upon which it based its judgment. *Metropolitan Life Ins. Co. v. Bassford,* 120 Conn. 384, 388, 180 A. 692; Conn. App. Proc. § 90. From this it appears that the court concluded that, while the limitation by the zoning regulations of the number of places wherein alcoholic liquors might be sold to one for each 1500 persons resident in the town might be a lawful exercise of police power, it was not zoning although incorporated in a zoning ordinance and did

not have the effect of making all liquor outlets located in the town at the time of its passage nonconforming uses. The court further concluded that the plaintiffs' present package store was a conforming use, that its removal "around the corner" to the new location would not be an extension of a nonconforming use and that it was the duty of the town clerk to certify that the sale of alcoholic liquor was not prohibited at the proposed new location by the town ordinances and by-laws. The contention of the plaintiffs goes further than this. They claim that the provision limiting the total number of liquor outlets in the town is illegal as an invasion of the province of the liquor control commission and that if, as the defendant contends, the use is nonconforming it may be extended from one part of a building to another part under the provisions of § 12 of the zoning ordinance.

Any town may by vote at an annual town meeting bar the sale of intoxicating liquors within its boundaries entirely, or in part as to spirituous liquors. General Statutes, Cum. Sup. 1935, §§ 1022c, 1023c. The town of West Hartford has not exercised its option to prevent the sale of such liquors therein and comes within the regulatory provisions of the Liquor Control Act. The state has delegated to the liquor control commission authority to limit the number of liquor outlets in such towns. Sup. 1945, § 634h; *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 558, 53 A. 2d 653; *Divirgilio* v. *Liquor Control Commission,* 134 Conn. 143, 144, 55 A. 2d 865. General Statutes, Sup. 1945, § 633h, provides: "The liquor control commission shall refuse permits for the sale of alcoholic liquor . . . where prohibited by the zoning ordinance of any city or town." The legislature thus recognizes authority in the town to restrict the

use of buildings for the sale of alcoholic liquor to certain zones. See *State* v. *Hillman,* 110 Conn. 92, 106, 147 A. 294; *Fitzgerald* v. *Merard Holding Co.,* 110 Conn. 130, 138, 147 A. 513. It has not, however, delegated to municipalities authority to limit, in the guise of a zoning ordinance, the number of liquor outlets in the town as a whole. General Statutes, § 424, is the basis of all zoning. It provides: "Such zoning authority may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter; and, within such districts, it may regulate the erection, construction, reconstruction, alteration or use of buildings or structures and the use of land. All such regulations shall be uniform for each class or kind of buildings or structures throughout each district, but regulations in one district may differ from those in another district." It is such zoning legislation by towns that the liquor control commission is concerned with when it requires a certificate from a town clerk. Section 633h of the 1945 Supplement requires the liquor control commission to refuse permits for the sale of alcoholic liquor "(1) in no-permit towns and (2) where prohibited by the zoning ordinance of any city or town." Section 619h of the 1945 Supplement gives the commission the power to call upon administrative departments of state and municipal governments for such information as it may deem necessary for the performance of its duty. West Hartford is a permit town and the only information the commission sought was whether the location to which the plaintiffs proposed to remove their store was restricted by the zoning ordinance. In the absence of such a restriction it is for the commission to determine whether a permit should issue. *Murphy* v. *Bergin,* 118 Conn. 249, 262, 171 A. 433.

While the provision upon which the defendant seeks to justify his refusal to certify was a part of the zoning ordinance, it was not zoning and was not effective as such to characterize the location as restricted in its use for package stores. No zoning regulation, so far as appears from the admitted facts, forbade the use of the premises at the new location for a package store. The defendant should have so certified.

In reaching this conclusion we have not overlooked the decision of the Superior Court in *State ex rel. Fense* v. *Gleason,* 15 Conn. Sup. 200. The considerations which led the court in that case to refuse to issue a writ of mandamus were not presented to us when we decided the cases of *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 37 A. 2d 689, and *State ex rel. Chatlos* v. *Rowland,* 131 Conn. 261, 38 A. 2d 785, nor are they presented in the case now before us. It does not appear that the defendant made any claim at the trial, nor does he make any claim before us, that, if the plaintiffs were correct in their contention, mandamus was not a proper remedy. We have decided these cases upon the theory upon which they were tried and presented to us. Conn. App. Proc. § 22.

There is no error.

In this opinion the other judges concurred.