WILLIAM H. MILLER ET AL. *v.* ZONING COMMISSION OF THE CITY OF BRIDGEPORT

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DALY, JS.

Argued January 7—decided March 15, 1949.

*George A. Saden,* for the appellants (plaintiffs).

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellee (defendant).

ELLS, J. The plaintiffs own and operate a restaurant in Bridgeport which possesses a restaurant beer permit issued by the liquor control commission. The premises are located in a business No. 1 zone and are within 1500 feet of fourteen other liquor outlets. The plaintiffs desired to change the liquor use so that they could dispense alcoholic liquor without limitation as to kind under a full or all-alcoholic restaurant permit. General Statutes, Sup. 1945, § 623h (Rev. 1949, § 4244). They prepared an application to the liquor control commission, presented it to the secretary of the defendant zoning commission and requested him to certify that the zoning regulations of the city did not prohibit the proposed change of use. He refused the requested certification on the ground that the change was prohibited by the zoning regulations, and the plaintiffs brought this action for a declaratory judgment determining that the regulations relied upon by the defendant are illegal, void and unconstitutional, or, if the regulations are declared to be valid zoning regulations, a judgment that the plaintiffs are nevertheless entitled to the requested certification because their application is for a proper change of a nonconforming use authorized under the regulations. They also sought affirmative relief. The Superior Court rendered judgment for the defendant and the plaintiffs have appealed.

The two provisions which govern the narrow issues

presented by the appeal are paragraphs 2 and 3 of subsection B of § 6 of the Bridgeport zoning regulations. Paragraph 2 is the familiar 1500-foot restriction and provides in effect that no building shall be used for the sale of alcoholic liquor under any tavern, restaurant or all-alcoholic liquor package store permit if it is located within 1500 feet of any other building used for the sale of alcoholic liquor under any tavern, restaurant, druggist or all-alcoholic liquor package store permit. Paragraph 3 is a provision we have never before encountered. It provides as follows: "Increase of Liquor Use of Premises. No building or premises within the fifteen hundred foot area above described which shall be used for the sale of beer only under a tavern permit, or a restaurant or package store permit so limited, issued by said Liquor Control Commission shall be used for the sale of other alcoholic liquor under any unlimited tavern, restaurant or package store permit." Under these provisions the only places for the sale of liquor which would be conforming uses would be those which were so situated that there was not another place for the sale of liquor within the 1500-foot radius, and any location having another or other such places within that radius would necessarily constitute a nonconforming use, subject to all the limitations upon such a use. Should it come about in the course of time that the use of other places within the radius for the sale of liquor ceased, then the remaining use would become a conforming one. Thus would be accomplished the intention of the provisions on nonconforming uses in zoning ordinances, that uses "should be reduced to conformity as completely and speedily as possible, with due regard to the interests of those concerned." *Piccolo* v. *West Haven*, 120 Conn. 449, 453, 181 A. 615. The present use of the plaintiffs' premises existed before the enactment of the provisions of the ordinance

to which we have referred and is a nonconforming use.

The claim that these two provisions are unconstitutional has been abandoned by the plaintiffs. Their contention is that they are illegal and void as being a usurpation of the authority of the liquor control commission. The plaintiffs rely mainly upon *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 294, 57 A. 2d 259, but in the later case of *State ex rel. Wise* v. *Turkington,* 135 Conn. 276, 279, 63 A. 2d 596, we distinguished the *Haverback* case and held that a restriction similar to that contained in paragraph 2 constituted a valid zoning ordinance. The decision in the *Wise* case is decisive of the issue now before us. It necessarily follows that since paragraph 2 is a valid zoning regulation paragraph 3 is also valid. The plaintiffs, however, advance a number of arguments in support of their position not presented to us in the *Wise* case. None of them afford any basis for holding our decision in that case to have been wrong. Premises may be used for the sale of liquor in certain zones only. The effect of the limitation is not to create a number of zones each centering about a place used for the sale of liquor; the limitation is upon the uses which may be carried on within the zones where such sale is permitted. The power of the state, or any subdivision thereof authorized to act in the matter, to regulate and restrict the business of the sale of liquor is far broader than a power to regulate or restrict ordinary lawful business; the use of property for the sale of liquor may well be deemed by the legislative authority to have a far more harmful effect upon the health and welfare of the community than ordinary business; and to hold that a zoning ordinance may properly restrict the number of places used for the sale of liquor within a zone differs vitally from holding that it might similarly restrict other kinds of business. *Francis v. Fitzpatrick,*

129 Conn. 619, 622, 30 A. 2d 552. While the provisions we are considering do not apply to drugstores selling liquor, we cannot hold that the classification as created might not properly be made, any more than we could hold that the failure to include grocery stores having permits for the sale of beer within the limitation in the ordinance before us in the *Wise* case made that ordinance invalid.

The remaining claim of the plaintiffs is that, even if the above provisions are sustained as valid zoning regulations, the use of the premises is not controlled by the provisions of paragraph 3 because there is no "increase" of use sought. A mere reading of the section shows the fallacy of the claim. The language is plain, and the prohibition precisely fits the present situation; in its application to this case it provides that no premises within the 1500-foot area used for the sale of beer only under a restaurant permit issued by the liquor control commission shall be used for the sale of other alcoholic liquor under any unlimited restaurant permit. Nevertheless, the plaintiff relies on *State ex rel. Chatlos* v. *Rowland,* 131 Conn. 261, 38 A. 2d 785. In that case no such provision as paragraph 3 was involved.

The plaintiffs are not entitled to the requested certification of their application to the liquor control commission.

There is no error.

In this opinion the other judges concurred.