TOWN OF GUILFORD *v.* HORTON H. LANDON ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued January 6—decided February 3, 1959

*T. Holmes Bracken,* for the appellants (defendants).

*Dennis N. Garvey,* with whom, on the brief, was *Lewis E. Caplan,* for the appellee (plaintiff).

BALDWIN, J. The defendants have appealed from a judgment enjoining the use of their premises for a lumber business in violation of the zoning regulations of Guilford. The appeal raises the questions whether (1) the action was brought by a proper party, (2) there has been an extension of a nonconforming use in violation of the zoning regulations, (3) the alterations made in the premises by the defendants required a building permit and a certificate of occupancy, and (4) the defendants were properly enjoined from carrying on their business.

We shall consider first whether the action was brought by a proper party. The writ and summons named as party plaintiff "the Town of Guilford, a municipal corporation . . . acting herein through its Town Planning and Zoning Commission and the Enforcement Officer thereof." The defendants pleaded in abatement and alleged in substance that the town had no legal right to bring an action through others, that the commission and the enforcement officer had no legal right to sue on behalf of the town, and that the action should have been brought by the town, or by the individuals comprising the commission, or by the person who was the enforcement officer. The real party in interest is the town. There is a definite public interest to be protected in the enforcement of

zoning regulations, and the town as a party could properly represent that interest. *Rommell* v. *Walsh,* 127 Conn. 16, 21, 15 A.2d 6; *Keating* v. *Patterson,* 132 Conn. 210, 212 n., 43 A.2d 659; *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681, 96 A.2d 806; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 658, 145 A.2d 832; Maltbie, Conn. App. Proc., §§ 246, 266; 2 Metzenbaum, Zoning (2d Ed.) p. 1028. This is so despite the fact that the regulations make the agent of the commission the enforcement officer. *Lexington* v. *Bean,* 272 Mass. 547, 554, 172 N.E. 867. While the present writ states that the commission and the enforcement officer are acting for the town, the complaint describes the town as the plaintiff. As pointed out in *Rommell* v. *Walsh,* and *Keating* v. *Patterson,* supra, our practice has permitted actions enforcing the regulations of boards and commissions to be brought by them, and it has been customary to name the individual members as constituting such agencies. Under our Practice Act and rules, however, the courts overlook mere technicalities when no substantial rights of the parties are affected. *Dunn's Appeal,* 81 Conn. 127, 131, 70 A. 703; Practice Book § 471. The trial court properly overruled the plea in abatement.

The defendants claim error in numerous paragraphs of the finding. No corrections are warranted and no discussion is necessary save as to one finding with which we will deal later in this opinion. The facts can be stated briefly: The defendants owned property in a residence B zone wherein commercial uses are prohibited. Guilford Zoning & Subdiv. Regs., § 3 (C) (1953, as amended). Their property included acreage, a dwelling house and, some distance therefrom, an old barn. For over thirty years the named defendant had carried on a lumber busi-

ness on this property. He had operated a movable sawmill both on and off the premises and had stored on, and sold from, the premises logs and finished lumber for flooring, framing, roofing, siding, doors and windows. In May, 1956, pursuant to regulations, the defendants applied for a building permit and submitted a proposed certificate of occupancy. Id. § 2 (C), (E). The permit and the certificate were refused by the enforcement officer on the ground that the defendants were seeking to extend a nonconforming use. Id. §§ 2 (B), 8 (C). The defendants appealed, unsuccessfully, to the board of zoning appeals. The board, however, voted to allow the continued nonconforming use of the premises as that use obtained prior to the adoption of the regulations and, upon the filing by the defendants of a certificate of occupancy modified to accord to such use, to grant a certificate of occupancy. Thereupon the defendants filed another proposed certificate of occupancy, but it was refused because it did not conform to the limitations imposed by the board. Thereafter, without securing a building permit, the defendants installed new sliding doors in place of the old double barn doors, a concrete floor in the barn, eight windows and a side door, electric wiring, storage tanks for gas heating, and a telephone, partitioned off an area for an office within the barn, and erected a sign over the doorway reading "Landon Lumber Company." They also offered for sale, in addition to what they had previously offered, hardwood, building hardware, cement, nails, roll roofing, composition shingles, and builders' tape. No certificate of occupancy has ever been issued.

The trial court concluded that the work done on the barn constituted structural alterations requiring a permit, that the proposed use was an illegal ex-

tension of a nonconfoming use, and that the defendants had wilfully violated the zoning regulations. Judgment was ordered enjoining them from using the barn and from doing business on their property.

There can be no question that the use made by the defendants of their property became nonconforming upon the adoption of the zoning regulations. Guilford Zoning & Subdiv. Regs., §§ 1, 8 (1953, as amended). If the defendants undertook any construction work on the barn which required a building permit, or if they changed the use of the barn from what that use had previously been, a certificate of occupancy was required. Id. § 2 (E). A purpose of this regulation is to fix the nature and extent of the nonconforming use at the date the regulations became effective. It conforms to the accepted policy of zoning, which is to prevent the extension of nonconforming uses. *Salerni* v. *Scheuy,* 140 Conn. 566, 570, 102 A.2d 528, and cases cited. The failure of the defendants to secure a building permit and a certificate of occupancy can be justified only if the work they did on the barn was not structural alterations or a conversion or change of use of the barn. They claim that the work was only repairs and that there has been no change of use. Under the regulations, it is unlawful to make a structural alteration costing more than $200 without a building permit. Id. § 2 (C). Where a nonconforming use is involved, this section should be read in the light of § 8 (C), which provides in part: "No non-conforming use may be changed except to a conforming use or . . . to another non-conforming use no more objectionable in character." The obvious purpose of this provision is to contain a nonconforming use within the limits of the use in existence when the regulations were adopted so that, eventually, the use may be

brought into conformity with the regulations for the district in which the premises are located. *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 733, 137 A.2d 756, and cases cited; *Salerni* v. *Scheuy,* supra. In zoning, alterations in a building which is a part of premises devoted to a nonconforming use are structural alterations if they change the building into a substantially different structure adapted to an extension of the nonconforming use. *Board of Zoning Adjustment* v. *Boykin,* 265 Ala. 504, 508, 92 So. 2d 906; *Granger* v. *Board of Adjustment,* 241 Iowa 1356, 1364, 44 N.W.2d 399; *Goodrich* v. *Selligman,* 298 Ky. 863, 868, 183 S.W.2d 625; *Paye* v. *Grosse Pointe,* 279 Mich. 254, 258, 271 N.W. 826. The defendants cannot complain of the finding, in which they alleged error, that the cost of the work on the barn exceeded $200. In their application for a building permit, they estimated the cost of the work, described by them as repairs and renovation, at $500. The facts found support the court's conclusion that the work on the barn constituted structural alterations and that a permit was required.

The final question is whether the certificate of occupancy was properly refused. Under § 2 (E) of the regulations, no certificate of occupancy could issue where work had been done on a building without a permit. The permit was refused because the defendants proposed the extension of a nonconforming use. The issue was essentially one of fact. A mere increase in the defendants' business as it existed when the regulations were adopted would not be an extension of a nonconforming use. The defendants, however, introduced items different from those which they had previously sold and altered the barn to accommodate the sale of the new items and to include an office. We cannot say that the court improperly

reached the conclusion that the defendants were extending a nonconforming use. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 161, 32 A.2d 635; *Salerni* v. *Scheuy,* supra, 571.

There is no error.

In this opinion the other judges concurred.