## CHARLES R. SANTINI *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 7—decided March 7, 1962

*Raymond C. Lyddy,* for the appellant (plaintiff).

*John J. McGuinness,* with whom, on the brief, was *Hugh C. Curran,* for the appellee (defendant).

BALDWIN, C. J. The plaintiff, intending to apply to the liquor control commission for a package store permit for the sale of intoxicating liquors on premises leased to him, petitioned the zoning enforcement officer of Bridgeport in July, 1959, to certify that the use of the premises for a package store would not violate any Bridgeport zoning regulation. See General Statutes § 30-44; *Salerni* v. *Schewy,* 140 Conn. 566, 569, 102 A.2d 528. The officer refused certification because the plaintiff's premises were located within 1500 feet of other premises used for the sale of intoxicating liquor. These other premises were located in the town of Stratford, outside the territorial limits of Bridgeport. There was no liquor outlet in the city of Bridgeport within 1500 feet of the plaintiff's premises. The plaintiff appealed to the zoning board of appeals, which sustained the zoning enforcement officer's ruling. The plaintiff then appealed to the Court of Common Pleas, which upheld the zoning board of appeals. He now appeals to us.

Section 2 of chapter 14 of the Bridgeport zoning regulations provides that no building or premises shall be used for the sale of alcoholic liquor under any tavern, restaurant, druggist or all-alcoholic liquor package store permit if "any entrance to such building or premises shall be within fifteen hundred feet in any direction from the entrance to any other building or premises" which are used for the sale of alcoholic liquor under any such permit. The plaintiff argues that this regulation means "any other building or premises" in the city of Bridgeport. No such limitation is expressed in, nor can it be implied from, the plain language of the regulation. In *Miller* v. *Zoning Commission,* 135 Conn. 405, 407, 65 A.2d 577, we considered this regulation before it con-

tained the phrase "in any direction" and held it valid. The point involved in the *Miller* case was not the one with which we are now concerned. If there could have been any doubt whether the regulation as it was then worded would apply to the present circumstances, that doubt was removed by the subsequent amendment of the regulation to add the phrase "in any direction." This phrase clearly contemplates not only liquor outlets within the limits of the city of Bridgeport but any liquor outlet within 1500 feet of the location for which the certification is sought.

The plaintiff claims that this interpretation gives to the regulation an extraterritorial effect which it cannot have under the legislation authorizing municipalities to adopt zoning regulations. General Statutes § 8-2. The regulation does not purport to regulate property uses beyond the Bridgeport city limits. It does no more than to require the zoning authorities of Bridgeport, in the administration of the zoning regulations, to consider factors which affect land uses in Bridgeport, although they may arise from conditions existing beyond the city's territorial limits. This is altogether proper and consonant with zoning principles. See *Crescent Development Corporation* v. *Planning Commission,* 148 Conn. 145, 150, 168 A.2d 547; *Dean Milk Co.* v. *Madison,* 257 Wis. 308, 315, 43 N.W.2d 480. The trial court correctly dismissed the plaintiff's appeal.

There is no error.

In this opinion the other judges concurred.