CARLOS O. KLEINSMITH ET AL. *v.* PLANNING
AND ZONING COMMISSION OF THE TOWN
OF GREENWICH ET AL.

KING, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 2—decided December 23, 1968

*S. Floyd Nagle,* with whom, on the brief, was *William B. Lewis,* for the appellants (plaintiffs).

*Robert F. Grele,* with whom, on the brief, was *William R. Lynch,* for the appellee (defendant Homestead Inn, Inc.).

*Joseph A. Izzillo,* for the appellee (named defendant).

RYAN, J. On April 14, 1966, Walter J. Stephen, on behalf of the defendant Homestead Inn, Inc., hereinafter referred to as Homestead, filed a petition with the planning and zoning commission of the town of Greenwich, seeking an amendment to § 15 of the Greenwich building zone regulations. The commission published the following notice of the application in the Greenwich Time: "A public Hearing will be held by the Planning and Zoning Commission on Thursday, May 12, 1966 at 8 P.M. in the Police Court Room, Greenwich, Connecticut, to consider and take action upon the following proposed amendments to the 'Building Zone Regulation Map, Greenwich, Connecticut' and the 'Building Zone Regulations, Greenwich, Connecticut': . . . BUILD-

ING ZONE REGULATIONS v. Upon application of Walter J. Stephen, on behalf of the Homestead Inn, Inc., to amend the 'Building Zone Regulations, Greenwich, Connecticut', as follows: Amend Section 15. Non-Conforming Uses, by inserting a new subsection a. (6) immediately before subsection b. as follows: '(6) The sale of alcoholic liquor at a service bar only in a hotel which is non-conforming by reason of its location in a residential zone shall not be deemed to be a change in use more detrimental to the neighborhood; provided that (a) such hotel is located within 2,500 feet of the nearest business zone and contains dining facilities adequate for all the occupants of its rooms and (b) the sale of such alcoholic liquor is made predominantly to the overnight guests of the hotel, incident to their use of the hotel dining facilities.' "

The purpose of Homestead's petition was to permit the sale of alcoholic beverages in hotels which were nonconforming by reason of their location in a residential zone. Homestead is such a hotel located in a residential zone, but it is legally nonconforming. Section 15 (a) (1) of the Greenwich building zone regulations provides as follows: "A non-conforming use of land or structure shall not be changed to any other non-conforming use which is more detrimental to the neighborhood . . . ." A stated purpose of the proposed amendment was to prevent the decline and deterioration of such nonconforming hotels. The plaintiffs are the owners of property within the immediate vicinity of the Old Greenwich Inn and The Lodge, which are legally nonconforming hotels in a residential zone but are more than 2500 feet from the nearest business zone.

On May 23, 1966, the defendant commission voted to amend § 15 of the building zone regulations in the

following manner: "Amend Section 15. Non-conforming Uses, by inserting a new subsection a. (6) immediately before subsection b. as follows: '(6) The sale of alcoholic liquor served from but not consumed at a service bar in a hotel which is nonconforming by reason of its location in a residential zone shall not be deemed to be an additional use, provided that (a) such hotel contains dining facilities adequate for all the occupants of its rooms and (b) the sale of such alcoholic liquor is made to overnight guests of the hotel, or guests using the hotel dining facilities.'"

Among the reasons given by the commission for its action are the following: (1) The sale of alcoholic liquor is essential to modern concepts of hotel operation and to the dining facilities of such a hotel and should not be considered an additional use. (2) The amendment, plus the inclusion of the service bar provision, provides reasonable control and protection to the residents of the surrounding area. (3) The proposal represents a practical way for Greenwich to permit a better type of dining-out restaurant and hotel operation where they exist consistent with local custom without increasing the business zone. (4) The 2500-foot provision as proposed by the applicants was deleted because questioning at the hearing failed to disclose a reason therefor and it was considered by the commission as an arbitrary and unreasonable limitation not to be considered in connection with the use of the premises.

From the action of the commission the plaintiffs appealed to the Court of Common Pleas. Upon the dismissal of the appeal, the plaintiffs appealed to this court.

The plaintiffs claim in their brief that the notice

of the hearing of the planning and zoning commission was legally inadequate to meet the requirements of § 8-3 of the General Statutes. In view of the representation and apparent agreement of counsel in argument that zoning in the town of Greenwich is governed by No. 469 of the 1951 Special Acts (26 Spec. Acts 325), it is required that we determine whether the provisions of § 8-3 are applicable in the instant case. Chapter 124 of the General Statutes (§§ 8-1—8-13) is a general zoning enabling act. "Any municipality may by vote of its legislative body, adopt the provisions of this chapter and exercise through a zoning commission the powers granted hereunder." § 8-1. We have construed this statute as requiring of the municipality's legislative body an affirmative act in which the intent to utilize the zoning provisions of the general enabling act is expressed. *Puskarz* v. *Zoning Board of Appeals,* 155 Conn. 360, 364, 232 A.2d 109; *Jensen's, Inc.* v. *Killingworth,* 152 Conn. 237, 242, 206 A.2d 114. The zoning enabling act of the General Statutes was adopted by the representative town meeting of Greenwich on August 17, 1948. Greenwich Spec. Acts, Ord., Regs., p. 74 § 2 n.1. In 1951, "An Act concerning Town Planning and Zoning for the Town of Greenwich" was adopted by the General Assembly to take effect upon its approval by a town meeting. 26 Spec. Acts 332, No. 469 § 29. It was so approved on December 10, 1951, and the effective date thereof was designated as February 1, 1952. Greenwich Spec. Acts, Ord., Regs., p. 75.7 n. Section 2 of No. 469 of the 1951 Special Acts, hereinafter referred to as the Act, created the planning and zoning commission of the town of Greenwich and provided: "Said commission shall, in addition to the powers and duties conferred by this act, have

all the powers and duties conferred upon zoning commissions under the general statutes of this state." In view of the fact that, up to the effective date of the Act, zoning in the town of Greenwich was governed by the provisions of the General Statutes, the language of § 2 of the Act clearly indicates a legislative intent that, so far as zoning is concerned, the planning and zoning commission would continue to operate under the General Statutes as supplemented by any additional powers and duties conferred by the Act. Since the scope of our inquiry is limited to a determination of the legal sufficiency of the notice of hearing, we confine ourselves to that question.

Section 1 of the Act provides, in part, as follows: "For the purposes of this act, the following terms shall have the meanings provided in this section. . . . 'public notice' means, unless otherwise specified in this act, the publication in a newspaper of general circulation in the town of Greenwich once a week for two consecutive weeks of a notice of the time and place of a public hearing set for not less than fifteen days after the date of the first of such publications . . . ." So far as the town planning and zoning commission is concerned, an examination of the Act reveals that "public notice" as defined therein is limited to such matters, for example, as public hearings prior to the adoption of the plan of development by the commission (26 Spec. Acts 328, No. 469 § 13) and the adoption or amendment of subdivision regulations. 26 Spec. Acts 330, No. 469 § 20. Nowhere in the Act are the words "public notice" used in relation to the adoption or amendment of building zone regulations. We conclude therefore that § 8-3 of the General Statutes is applicable in the instant case.

No claim is made by the plaintiffs that notice was not timely given, but rather it is claimed that the notice was legally insufficient to apprise the plaintiffs of the nature of the proposed action because the notice limited the neighborhoods to which it applied and exempted the plaintiffs' neighborhood. Section 29 of the Greenwich building zone regulations in effect at the time of the hearing provided that the "Planning and Zoning Commission . . . may amend the zoning text or the zoning map in accordance with the provisions of Chapter 43, General Statutes of 1949 and amendments thereto [now Chapter 124 of the General Statutes]." The purpose of the notice required by General Statutes § 8-3 is "fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." *Passero* v. *Zoning Commission*, 155 Conn. 511, 514, 235 A.2d 660, cert. denied, 390 U.S. 1004, 88 S. Ct. 1248, 20 L. Ed. 2d 104. The statute permits, but does not require, that the proposed amendment to the building zone regulations be set forth in the notice. *Passero* v. *Zoning Commission*, supra, 515; note, 96 A.L.R.2d 449, 502. "Compliance with the requirements as to notice is a prerequisite to valid action by the board. *Smith* v. *F. W. Woolworth Co.*, 142 Conn. 88, 94, 111 A.2d 552. To be adequate, the notice is required to fairly and sufficiently apprise those who may be affected of the nature and character of the action proposed, to make possible intelligent preparation for participation in the hearing. 2 Merrill, Notice, p. 285; *Winslow* v. *Zoning Board*, 143 Conn. 381, 388, 122 A.2d 789." *Neuger* v. *Zoning Board*, 145 Conn. 625, 630, 145 A.2d 738. Here, the notice of the public hearing set forth the proposed

amendment verbatim. It clearly indicated that the hearing was called to consider an amendment to the building zone regulations concerning nonconforming uses which would add another subsection thereto permitting a hotel which is nonconforming by reason of its location in a residential zone to sell liquor subject to certain restrictions.

The plaintiffs claim that since the proposed amendment, by virtue of the 2500-foot limitation, appeared to exclude the two other nonconforming hotels located in the immediate vicinity of properties owned by the plaintiffs, the notice was so precise that it failed to apprise them of the scope of the action contemplated. There is nothing in the record to indicate that at the time of the notice and prior to the hearing the defendant commission contemplated any action other than to provide adequate notice to permit interested persons to express their views at a public hearing. "The very purpose of the hearing was to afford an opportunity to interested parties to make known their views and to enable the board to be guided by them. It is implicit in such a procedure that changes in the original proposal may ensue as a result of the views expressed at the hearing. *Couch* v. *Zoning Commission,* 141 Conn. 349, 358, 106 A.2d 173; *Pecora* v. *Zoning Commission,* 145 Conn. 435, 444, 144 A.2d 48; *Klaw* v. *Pau-Mar Construction Co.,* 50 Del. (11 Terry) 487, 135 A.2d 123. Notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken upon the subject matter referred to in the notice. *Ciaffone* v. *Community Shopping Corporation,* 195 Va. 41, 50, 77 S.E.2d 817." *Neuger* v. *Zoning Board,* supra. The changes made in the amendment as proposed arose as a result of the public hearing. The 2500-

foot provision was deleted because the testimony at the hearing disclosed no valid reason therefor and the commission considered it an arbitrary and unreasonable limitation which should not be considered in connection with the use of the premises. The changes did not affect the fundamental character of the proposal for the consideration of which the hearing had been called and advertised. The requirements of General Statutes § 8-3 relating to public notice of the hearing were fully satisfied.

The plaintiffs make the further claim that the commission's action in adopting the amendment to the building zone regulations was invalid. Under the building zone regulations in effect at the time of the hearing in the instant case, a nonconforming use in the three hotels could be "continued, changed or altered" subject to the condition that it "shall not be changed to any other non-conforming use which is more detrimental to the neighborhood." Greenwich Bldg. Zone Regs. §§ 15 (a), 15 (a) (1). These regulations expressly authorize a change in such use subject to the conditions therein stated. See *State ex rel. Chatlos* v. *Rowland,* 131 Conn. 261, 265, 38 A.2d 785. The amendment as passed by the commission provides that the sale of alcoholic liquor under the conditions contained in the amendment "shall not be deemed to be an additional use." The commission declined to amend the regulations, in the manner proposed by Homestead, to state that the sale of alcoholic liquor "shall not be deemed to be a change in use more detrimental to the neighborhood." The amendment, thus, does not modify the language of § 15 (a) (1) of the regulations. This section, requiring that no nonconforming use be changed to one "more detrimental to the neighborhood," remains in effect and must be considered

together with the amendment adopted in order to determine the validity of the amendment. The regulations must be construed as a whole and in such a way as to reconcile all their provisions as far as possible. *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 441, 190 A.2d 594; *Hutchison* v. *Zoning Board of Appeals,* 140 Conn. 381, 385, 100 A.2d 839.

In adopting an amendment to § 15, the commission was acting in its legislative capacity. *Lebanon* v. *Woods,* 153 Conn. 182, 190, 215 A.2d 112; *McCormick* v. *Planning & Zoning Commission,* 146 Conn. 380, 382, 151 A.2d 347. In exercising this power of amendment, the planning and zoning commission has broad discretion. *Lebanon* v. *Woods,* supra; *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 75, 167 A.2d 454. This court will not substitute its judgment "for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers." *Samp Mortar Lake Co.* v. *Town Plan & Zoning Commission,* 155 Conn. 310, 313, 231 A.2d 649; *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 699, 220 A.2d 274.

The plaintiffs claim that the amendment adopted, which purports to permit the sale of liquor by nonconforming hotels, necessarily involves a change in use. *Salerni* v. *Scheuy,* 140 Conn. 566, 570, 102 A.2d 528; see *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* supra, 443; *Guilford* v. *Landon,* 146 Conn. 178, 182, 148 A.2d 551; *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 162, 32 A.2d 635. They also claim that such a change in use permitting the sale of alcoholic liquor would be more detrimental to the neighborhood. The use of property for the sale of liquor may well be

deemed to have a far more harmful effect upon the health and welfare of the community than ordinary business. *Miller* v. *Zoning Commission,* 135 Conn. 405, 408, 65 A.2d 577. A business involving the sale of liquor is one which admittedly may be dangerous to public health, safety and morals. *Bania* v. *New Hartford,* 138 Conn. 172, 177, 83 A.2d 165; *Francis* v. *Fitzpatrick,* 129 Conn. 619, 622, 30 A.2d 552.

A purpose and intention of the Greenwich building zone regulations is to abolish nonconforming uses, or to reduce them to conformity, as speedily as justice will permit. This is in accordance with the spirit of the law and the spirit of zoning. *State* v. *Perry,* 149 Conn. 232, 234, 178 A.2d 279; *Guilford* v. *Landon,* supra; *Salerni* v. *Scheuy,* supra. The advantages which the owners of nonconforming property acquire by the enactment of a zoning ordinance are not to be subsequently augmented except as permitted by the ordinance. *Everpure Ice Mfg. Co.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 435, 86 N.E.2d 906; 101 C.J.S., Zoning, § 189. We conclude that it was the obvious intention of the commission that § 15 (a) (1) of the regulations remain unchanged. The provision of the amendment that the sale of liquor by the nonconforming hotels "shall not be deemed to be an additional use" is ineffective in view of the continued existence of the requirement of the regulation that no nonconforming use be changed to one "more detrimental to the neighborhood." The sale of liquor constitutes a change of use to one more detrimental to the neighborhood and is in direct violation of § 15 (a) (1) of the regulations. *Salerni* v. *Scheuy,* supra, 571; *Miller* v. *Zoning Commission,* 135 Conn. 405, 407, 65 A.2d 577; see *Town Council* v. *State Board of Equalization,* 141 Cal. App. 2d 344, 349, 296 P.2d 909; *Fulford*

v. *Board of Zoning Adjustment*, 256 Ala. 336, 339, 54 So. 2d 580; *Heagan* v. *Allendale*, 42 N. J. Super. 472, 127 A.2d 181.

We are not unmindful that there exists a question as to whether the proposed amendment would impose restrictions upon the holder of a hotel permit which are beyond the authority of a zoning commission to impose when the state has enacted statutes of general application in the regulation of the sale of liquor. See General Statutes, c. 545 and especially § 30-21; see also such cases as *Sheehan* v. *Altschuler*, 148 Conn. 517, 521, 172 A.2d 897; *State* v. *Gordon*, 143 Conn. 698, 706, 125 A.2d 477. None of the parties has, however, raised or discussed this question, and an answer to it is not necessary to our decision of this appeal.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.