WILLIAM P. BATES *et al. vs.* JOHN O. STITELEY *et al.*

AS MEMBERS OF THE TOWN COUNCIL OF THE

TOWN OF SOUTH KINGSTOWN.

AUGUST 13, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a petition for certiorari to review the action of the town council of the town of South Kingstown in enacting on January 24, 1955 certain amendments to the zoning ordinances theretofore adopted on January 15, 1951. The petition was brought under the authority of public laws 1950, chapter 2490, sec. 9, which provides that any person aggrieved by the enactment of a zoning ordinance may obtain a review thereof in this court by certiorari. We issued the writ, and in compliance therewith the respond-

ents have made return of their records relating to the hearing held by the town council prior to the enactment of the amendments complained of. Thereafter the death of one of the petitioners, William P. Bates, was suggested on the record and the executrix of his estate, Dr. Margaret I. Magruder, was substituted as a petitioner.

It appears from the records that the amendments were advertised in full on December 2, 9, 16 and 23, 1954 in the Narragansett Times, a newspaper regularly published in Washington county in which the town of South Kingstown is located. Notice was given in such advertisement of a public hearing to be held at the town hall on Monday, December 27, 1954, at 7:30 p.m. in regard to the amendments by the town council. It further appears from the return that at such place, date, and time the town council convened and in open meeting voted to "adjourn to the Music Room of the New High School." At 8 p.m. the meeting was reconvened there and numerous witnesses were heard with reference to the proposed amendments. Among those opposing the enactment of the amendments were some of the petitioners here whose names were announced by counsel. On their behalf counsel also presented certain reasons why the amendments should not be adopted.

After all persons who so wished were heard, the council voted to take the amendments under advisement for further study and to adjourn to January 10, 1955 at 7 p.m. at the town hall. On that date they convened and adjourned to January 19, 1955 at 7:30 p.m. at which time they again adjourned to January 24, 1955 at 7:30 p.m. They convened at that time at the town hall and voted to adjourn to the Music Room of the New High School at 7:45 p.m. Upon reconvening there a motion was made to adopt the amendments. Thereupon many of the remonstrants, who were present at the first meeting and who were then heard in opposition either in person or by counsel, were again heard and permitted to voice their objections to the motion. After

all the objectors had been heard the town council adopted the amendments on a roll call vote of four to one.

We have recited the town council's proceedings at some length because the first point that petitioners have made here in support of their contention that the record should be quashed as illegal is that there was a lack of proper notice and of a proper hearing as required by P. L. 1928, chap. 1298, sec. 3, as amended by P. L. 1950, chap. 2490, sec. 2. There is no merit in petitioners' contention, as the above-described proceedings amply show. For the same reason there is no merit in their second point that the record is not full and correct. It is ample for the purposes of the instant petition and we perceive no necessity for further testimony.

The petitioners are pressing nine other points the substance of all of which is that the amendments are invalid because in one respect or another they exceed the authority conferred upon the town council by P. L. 1950, chap. 2490. After carefully examining the record and noting the special interest of each petitioner, which it is claimed the amendments adversely affect and whereby each petitioner is especially aggrieved, we think it is necessary for us to consider only their fourth point.

Under that point petitioners contend that the action of the town council in adopting the amendments violates sec. 6 of the enabling act by not giving petitioners a reasonable opportunity to replace their hurricane losses or to continue to use buildings and improvements for any purpose to which they are lawfully entitled. If the amendments were intended to have that effect and were so applied to the petitioners we are of the opinion that such amendments would be violative of sec. 6 and therefore in that respect invalid as to petitioners. However, we construe the amendments so as to comply with sec. 6 and not to violate it. Under that section it is provided: "No ordinance enacted under the authority of this act shall prevent or be construed to prevent the continuance of the use of any building or improvement for any

purpose to which such building or improvement is lawfully devoted at the time of the enactment of such ordinance."

We understand that petitioners, who had buildings or other improvements on their respective lots prior to the hurricane of August 31, 1954 and which in some cases were totally destroyed thereby or in others dislodged from their foundations, in the first instance are desirous of rebuilding and in the second of replacing the dislodged buildings on their former sites. The petitioners have not been actually denied permission by the zoning board under the amended ordinance to so rebuild or replace, but they interpret the amendments as prohibiting the granting of such permission, because the building inspector had denied some of them permits in accordance with a prior emergency ordinance. We think they are premature in seeking to have the amendments invalidated on that ground. We are also of the opinion that their construction of the amendments is clearly erroneous. In so far as they may desire to rebuild or replace buildings or improvements of identical size and for the identical use to which they were devoted prior to the catastrophe of August 31, 1954 they are entitled to do so.

Whether or not the amendments, in restricting future building in the area which the town council finds is greatly subject to the hazard of hurricanes, are wholly invalid we need not inquire at this time, because the grievance of which petitioners complain is special and affects only the right to continue their land in the use to which it was devoted prior to the hurricane. That right, viewed with respect to the amendments to the zoning ordinance, must be deemed to be a right to continue a legal nonconforming use. Since petitioners did not voluntarily surrender such use but suffered a temporary deprivation thereof by act of God, so called, they are entitled to resume such use regardless of any amendments passed subsequent to the hurricane and while they had not yet been able to recover from their losses and rehabilitate themselves.

In other words, the petitioners are to be deemed owners of land devoted to a legal nonconforming use at the time the amendments were adopted, notwithstanding the actual condition of such land wrought solely by the hurrricane. To adopt any other view would not be just to these petitioners and would be contrary to the customary interpretation given to the effect of so-called acts of God and other catastrophes upon previously recognized nonconforming uses. *Brous* v. *Town of Hempstead,* 272 App. Div. 31. See 58 Am. Jur., Zoning, §§153, 154, p. 1024.

For the above reasons we must refuse at this time to quash the record of the adoption of the amendments. However, under our construction of the amendments as they affect the petitioners' special interests they are entitled to resume their former uses in accordance with the scope of their rights as defined in this opinion.

The petition for certiorari is denied without prejudice, the writ heretofore issued is quashed, and the papers certified to this court are ordered sent back to the respondents with our decision endorsed thereon.

*Harold B. Soloveitzik, George Ajootian,* for petitioners.

*William H. Leslie, Jr.,* Town Solicitor, for respondents.