171 A.2d 75 (1961)
Mary E. SANTORO
v.
ZONING BOARD OF REVIEW OF THE TOWN OF Warren et al.
M. P. No. 1363.
Supreme Court of Rhode Island.
June 1, 1961.
*76 Leo Patrick McGowan, John P. Bourcier, Providence, for petitioner.
James E. Murphy, Solicitor for Town of Warren, for respondents.
FROST, Justice.
This is a petition for a writ of certiorari to review a decision of the zoning board of review of the town of Warren denying the petitioner's appeal from an order of the building inspector refusing her a building permit. The writ issued and the relevant records have been certified to this court.
It appears that on September 21, 1959 the town amended its original zoning ordinance passed on March 17, 1937; that since 1947 petitioner, also known as Emma M. Santoro, has been the owner of two lots of land at the corner of Maple and South Main streets, numbered 9 and 354 on tax assessor's plat No. 15, and zoned residence A; and that a wooden structure thereon has been used for a gasoline filling station and for the sale of groceries.
On January 11, 1960 petitioner applied to the building inspector for a permit to replace the wooden structure with a cinder block type of building of the same size and dimensions, which application was denied on February 18, 1960. An appeal was taken to the zoning board of review which after a hearing upheld the decision of the building inspector. Because the transcript of the evidence was inaccurate, a rehearing was held on June 8, and on August 9, 1960 the board again denied petitioner's appeal. She now seeks a reversal of the board's decision.
At the hearing before the board it appeared that a gasoline filling station had been continuously operated on the premises from a time prior to the passage of the first zoning ordinance to the present time; and that after the station had been established for some time groceries were sold in a small way from the wooden building. There were two pumps and also an open pit for the greasing of cars. It is now desired to set the new building farther back from South Main street. At the hearing there were no remonstrants.
The board in its decision found that the land and buildings had been used as a combination grocery store and gasoline dispensary since the early 1920's; that it was undisputed the present use of the land and buildings was a non-conforming use in a residence A district; that the placing of a modern filling station would constitute a change in the nonconforming use and character of the land and buildings; that the present use was a "genteel" use but would take on the characteristics of a modern filling station; and that the latter use would be less desirable than the former.
The petitioner desires to remove the present wooden building and substitute a more modern one of cinder blocks of the same dimensions as the present building *77 plus the covered pit, and with three and possibly four pumps instead of two.
She takes issue with the board's finding that the placing of a modern filling station in the present location of the combination grocery store and gasoline dispensary would constitute a change in the nonconforming use and character of the land and improvements since the new building would be of the same dimensions and upon the same site as the present one; and that the only change would be a cinder block building in place of a wooden building and an increase in the number of pumps from two to possibly four.
Section VII of the zoning ordinance reads in part, "A nonconforming use shall not be changed unless changed to a conforming use." The ordinance is silent as to the extension or enlargement of a nonconforming use but section X provides in paragraph 4 that the board shall have power to "Authorize the change of a non-conforming use to one no more harmful or objectionable in its judgment."
The question arises: Would the plans of the petitioner, if permitted, constitute a change in the nonconforming use or would they amount only to an extension or enlargement of the present nonconforming use? An extension of a non-conforming use may be of such proportions as to amount to a change of use. 2 Rathkopf, Zoning (1960), chapter 59-1. In Salerni v. Scheuy, 140 Conn. 566, 102 A,2d 528, cited by petitioner, which involved a change from the sale of beer in a restaurant to the sale of all alcoholic liquors, the court found that to be a change in the character of the existing use. It said at page 571 of 140 Conn., at page 530 of 102 A.2d. "Ordinarily a mere increase in the amount of business done in pursuance of a nonconforming use, or a change in the equipment used, does not constitute a change of the use itself."
The petitioner also cites Davis Appeal, 367 Pa. 340, 80 A.2d 789, where the court allowed an increase in the number of apartments from three to four in a multiple family dwelling which was a nonconforming use.
In reference to the voluntary removal of the present wooden building and the construction of a more modern building, petitioner appears to rely upon Bates v. Stitely, 84 R.I. 458, 125 A.2d 108. We are of the opinion that this case is of no help since the petitioners there did not voluntarily surrender a nonconforming use but lost their houses through an act of God, namely, a hurricane, and so had the right to continue to use their land as formerly. The respondent in reply cites Planning Board v. Board of Appeals, 333 Mass. 657, 132 N.E.2d 386, where the court held that the petitioner who owned land on which were two buildings, one used as a grocery store and one as a gasoline station and an open pit, could not replace them with a new structure enclosing the pit if the new structure would be larger in size than the previous buildings. In the case before us there was an open pit which was later given some sort of a covering. The new building would in size equal that of the wooden building plus the pit. See also City of New Orleans v. Langentein, La. App., 111 So.2d 363.
We are of the opinion that it is impossible to formulate a hard and fast rule as to what constitutes a simple extension of an existing nonconforming use and what is a change of that use. Each case must be considered and determined on its own facts.
In the case before us we are of the opinion that the board could properly find that replacing the present wooden building with a new one and adding one or two pumps, all of which would mean additional business and increased traffic and noise, would together constitute a change of the nonconforming use not authorized by paragraph 4 of section X of the ordinance.
The board expressed this change by terming the use which had been in existence *78 of a considerable period a "genteel" use, thereby meaning small and relatively quict and suitable for the neighborhood as opposed to one larger and less pleasing.
After a careful consideration of the evidence and the questions arising therefrom, we are of the opinion that the board could fairly find as it did, and that its decision was not arbitrary or an abuse of discretion. Kent v. Zoning Board of REview, 75 R.I. 64, 63 A.2d 731; Jacues v. Zoning Board of Review, 64 R.I. 284, 12 A.2d 222.
The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records certified to this court are ordered sent back to the board.