[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 206 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 207 
This suit involves the question of title to real estate abutting Bridge Boulevard in Camden, New Jersey, and the right of access of adjoining owners to said Boulevard.
For the purpose of clarity, here follows a sketch of the properties involved, to which reference will hereafter be made. *Page 208 
[EDITORS' NOTE: SKETCH IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 209 
In the year 1925 the predecessors in title of the plaintiff owned a rectangular tract of land, a part of the southerly boundary of which is designated A to B on the above diagram. At that time the predecessors in title of the defendants owned two lots of land designated C and D on the above diagram. It is to be noted that as the respective tracts of land then existed they were separated by a three-foot-wide public street or alley. In that year the State of New Jersey was desirous of constructing a state highway over a portion of the lands of the predecessors in title of both the plaintiff and defendants. In pursuance of said purpose, the predecessors in title of the plaintiff conveyed a portion of the above described rectangle to the State of New Jersey, in fee. In said conveyance, which was by metes and bounds, a part of the southerly course of the land so conveyed used as a description the northerly side of the three-foot-wide alley and the six-foot-wide alley, designated A to E on the diagram above.
On the plot herewith submitted, the property line of Bridge Boulevard is designated by the letters F and G. The tract now in question is that triangle formed by the continuance of the easterly property line of lot C to the northerly alley line, the center line of said alley and the property line of Bridge Boulevard, and is designated H on said plot.
The plaintiff contends that the conveyance of its predecessors in title to the State of New Jersey did not convey their interest in said triangle and that the defendants are therefore not entitled to access to the paved portion of said Boulevard over said triangle.
It is to be noted in the above diagram that the portion of the highway existing and marked "shoulder" is unpaved and that the portion of the highway crosshatched on the diagram is the actual paved surface used by the public for passage.
The second question here involved is whether the defendants are entitled to have access to Bridge Boulevard across the "shoulder" and if so, whether such access should be as claimed by them by a continuation of the easterly property line of lot C to the paved portion of Bridge Boulevard or, as the plaintiff claims, by a "radial" line to the center line of Bridge Boulevard *Page 210 
from the point at which the property line of Bridge Boulevard intersects the center line of the three-foot-wide alley. In the event that the plaintiff is found not to have title to the triangle, but that the title to said triangle is vested in the State of New Jersey, the question then arises as well whether the defendant should have access to Bridge Boulevard along the continuation of the easterly property line of lot C or by a radial line from the point at which the easterly line of lot C intersects the property line of Bridge Boulevard.
In order for the plaintiff to succeed on its first point, the court must decide that it remained the owner in fee of the triangle designated H, in spite of the conveyance to the State of New Jersey in fee simple of all of the land adjoining the northerly line of the alley. This contemplates a reservation or retention of title in the plaintiff to that portion of the alley adjoining the northerly line of said alley, to the center line thereof. There is no such express reservation in the conveyance from plaintiff's predecessor in title to the State of New Jersey. It is to be noted that in the conveyance from plaintiff's predecessors to the State of New Jersey, the sixth course follows the northerly line of the alley. As is observable from the diagram, a portion of this alley adjacent to and westwardly from the triangle in question is actually in the "shoulder" of Bridge Boulevard, forming a part of its right of way. The conveyance here, as above stated, was in fee simple to the State of New Jersey. This was not a conveyance of an easement alone over plaintiff's lands.
When, in a conveyance of land, the premises are described as beginning at a point on the side of a street, and as running thence along such side, the street, to its center, will be held by legal presumption, to be embraced in such description. Under ordinary circumstances, nothing short of express words will prevent the street in front of the premises so conveyed from passing to the grantee. Salter v. Jonas, 39 N.J. Law 469.
Not only do we here have no express words exhibiting an intent that the street or alley adjacent to the premises conveyed to the State should remain vested in the grantor but, *Page 211 
on the contrary, said conveyance contains the following language:
"It being the intention of the grantors to convey to the State of New Jersey all that portion of their lands lying between the northerly and southerly right of way line of the Penn Street Branch of the State Highway entrance road in the City of Camden said right of way lines being concentric with and distant forty (40) feet from the center line of said entrance road from the line of lands now or formerly of George and Louise Miller and John K. Getty on the east to the line of lands now or formerly of Richard W. Jeffries Company and the northerly line of an alley six (6) feet in width to the northwesterly line of an alley three (3) feet in width and the northeasterly line of another alley three (3) feet in width on the west; together with all the right, title and interest of the grantors in and to those portions of an alley four (4) feet in width immediately adjoining the above described premises on the northeast and an alley six (6) feet in width and two alleys three (3) feet in width which immediately adjoin the above described premises on the southwest."
The intention to vest triangle "H" in the State of New Jersey is clearly demonstrated.
Some question has been raised as to whether the State obtains the same rights as an abutting owner upon a conveyance to it of land in fee where it intends to use such land as a highway.
The State of New Jersey may acquire land for highway purposes by two methods, either (1) by voluntary act of the owner, by deed, gift, grant or other lawful transfer from the owner, or (2) by condemnation. By the first method, the State may obtain the fee title to the premises involved. By the second method, the State obtains only an easement over the lands involved.Frelinghuysen v. State Highway Commission, 107 N.J. Law 218,152 Atl. Rep. 79, affirmed, 108 N.J. Law 403,158 Atl. Rep. 465.
R.S. 27:12-1 exhibits the contemplation that title in fee may be obtained by the State to lands which it intends to use for highway purposes. In such an event, more than an easement in the premises arises and the abutting owners do not own to the center line of the highway. Upon abandonment of the highway purpose there results a situation distinguishable from the release of an easement of the public's right to travel, and the title to the bed of the highway does not then vest in the abutting owners as in the case of the vacation of a dedicated *Page 212 
street and the release of an easement. Where the State obtains title in fee to a parcel of land, even though said land is to be used as a highway, the rights and title of the State as abutting owner are no different from those of an individual.
Plaintiff has no estate, right or title to the triangle in question.
Even though the State of New Jersey owns the highway in fee, an abutting owner is still entitled to access. It is of no moment that we do not here have a dedicated street, the title to which is in the abutting owners, subject to the rights of the travelling public.
The right of access to and from a public highway is one of the incidents of the ownership or occupancy of land abutting thereon and it exists whether the fee title to the way is in the public as well as when it is in private ownership subject to the public easement. 39 C.J. 1079; 25 Am. Jur. 448.
In Barnett v. Johnson, 15 N.J. Eq. 481, the court said:
"When people build upon the public highway, do they inquire or care who owns the fee of the road-bed? Do they act or rely upon any other consideration except that it is a public highway, and they the adjacent owners? Is not this a right of universal exercise and acknowledgment in all times and in all countries, a right of necessity, without which cities could not have been built, and without the enforcement of which they would soon become tenantless? It is a right essential to the very existence of dense communities."
"The complainant can only raise the contract upon the existence of his right as an adjacent owner. He has no interest in the road-bed; and if he has no rights as adjacent owner, the law could raise no implied contract that those rights should not be disturbed. His right is still that he owns the land adjoining upon the highway, and does not depend upon who owns the whole or fractions of the road-bed, or how it was made a highway, whether by private dedication or by public authority, but upon the simple fact that it is a public highway, and he the adjacent owner."
The question of access becomes important because of the fact that between the lands owned by plaintiff and defendants and the paved portion of the highway is an unimproved strip 16.75 feet wide, owned by the State of New Jersey. Upon this strip defendants have constructed a driveway, the eastern edge of which is noted on the plan. Defendants assert that access should be had by a continuation or extension of its side lines in *Page 213 
their same course to the actual paved portion of the highway. Plaintiff, on the other hand, asserts that access should be had between what it designates as "radial" lines. There is no precedent for either contention in this State. The closest approximation occurs in the apportionment of water front for the purpose of determining the rights of the owner of the ripa to obtain riparian grants.
In Manufacturers Land, c., Co. v. Board of Commerce andNavigation, 98 N.J. Law 638, 121 Atl. Rep. 337, affirmed,101 N.J. Law 224, 127 Atl. Rep. 924, the court said:
"On this point the advice of the board's counsel was substantially this: That although the well recognized rule in apportioning water front as between owners abutting thereon, as laid down in D., L. W.R.R. Co. ads. Hannon, 37 N.J.L. 276, and followed in Bradley v. McPherson, 58 Atl. Rep. 105, is by extending from the ends of the side lines at right angles to the water front if the latter be straight or substantially so, and in case of a decided convexity or concavity of the shore, then ratably between the riparian owners."
See also Dewey Land Co. v. Stevens, 83 N.J. Eq. 656,91 Atl. Rep. 934.
The propriety of such a method of ascertaining abutting rights is patent upon a consideration of any other method. Any other method might result in some owner obtaining a right of passage over an unduly large section of the circle, depending upon the angle at which his side lines intersect the curved highway in a given case. It is conceivable that following defendants' theory, that where the side lines of a lot converge at a sharp angle, an owner might, by their continuance, be entirely excluded from access to the highway. Access upon or to a highway which is curved should be identical with the method above set forth for ascertainment of riparian rights. The side lines of an owner should, for this purpose, be extended from their point of intersection with the highway line along radial lines perpendicular to the tangent of the circle (center line of the highway) at the point of intersection with such center line. This method would continue an equal distribution of the right of access between such lines without any discrimination between adjoining owners. *Page 214 
It is therefore here held that title to triangle "H" above referred to is not vested in Lindel Realty Company and that the defendants shall have access to Bridge Boulevard as above provided.