Home Fuel Oil Company appeals from a judgment of the Superior Court, Law Division, affirming the refusal of the Board of Adjustment of the Borough of Glen Rock to recommend a variance from the zoning ordinance permitting the former to extend its building and to install additional fuel oil storage tanks. The borough appeals from a judgment reversing the Board of Adjustment in refusing to recommend a variance permitting the Fuel Company to construct a driveway on the southerly portion of its property.
Glen Rock is a residential community divided east and west by the main line right of way of the Erie Railroad, running generally north and south. In 1929 the present zoning ordinance was enacted which divides the municipality into four zones — "A" Residence, "B" Residence, Business and Industrial zones. The three industrial zones are all located along the right of way of the Erie Railroad. The six business zones are widely separated throughout the borough. The two family or "B" residence zones are each contiguous to either an industrial or business zone. The property presently concerned is in the "B" residence zone and is approximately 400 x 165 feet and lies immediately west of the railroad. On the *Page 66 
south it is bounded by property used by the borough for the storage of vehicles and materials. On the north it is bounded by the property of the Bergen County Coal Company and on the east by the Class "A" residence zone fronting on Doremus Avenue. There is no access to and from the property, excepting a 30-foot-wide strip which runs 150 feet across the Class "A" residence zone to the east side of Doremus Avenue. The Fuel Company property was used for the storage of fuel oil prior to the enactment of the zoning ordinance and it is therefore a pre-existing nonconforming use. For many years the Fuel Oil Company had access to the street by the use of a driveway on the adjacent property of Bergen County Coal Company. That use was denied to it in 1947 when the ownership of the Bergen County Coal Company changed. Because of this, the Fuel Oil Company applied to the building inspector to construct a driveway over the 30-foot strip of its property which connected with Doremus Avenue 150 feet distant. The building inspector refused permission and on appeal the Board of Adjustment refused to recommend the use of the land for a driveway. The first count of the complaint filed by plaintiff in the Superior Court seeks to test the legality of this refusal. We agree with the judgment of the court below holding that the refusal of the Board of Adjustment to grant the variance by permitting the use of the 30-foot right of way was unreasonable, capricious and arbitrary. Bearing in mind that the use of the property in question antedated the enactment of the zoning ordinance, and the further fact that its continued industrial use would be impossible without access to the street, the denial of the use of its own land for a right of way thereto amounts to confiscation. Schaible v. Board of Adjustment of Millburn,134 N.J.L. 473 (Sup. Ct. 1946). The testimony convinces us that the granting of the variance will result in no substantial diminution in the value of adjacent properties. The Fuel Company's trucks for 20 years have been passing and repassing along Doremus Avenue. The only difference is that they will now enter the property in question from a point on Doremus Avenue approximately 500 feet west of where they formerly *Page 67 
entered. The Fuel Company applied to the building inspector to make certain alterations, additions, renovations and improvements to its premises, consisting of reopening and restoring garage doors on the southerly end of the building, enlarging the area thereof and adding a second story above for office and toilet facilities and by installing two modern lavatories. The building inspector denied the application and on appeal the Board of Adjustment refused to recommend the proposed changes. As to this, the judgment of the court below reversed the action of the Board of Adjustment so far as the change of location of the garage doors was concerned and the addition of the modern toilet facilities. The change of location of the garage doors and the installation of modern lavatory and toilet facilities cannot in any sense be deemed to be an extension or enlargement of the nonconforming use, and we concur in the judgment of the court below that the refusal to grant such permission by the building inspector and to recommend the changes to the mayor and council cannot, on any rational and legal basis, be sustained. The enlargement of the building on the premises and increasing the facilities for fuel oil were properly denied since it is settled law that while a nonconforming use may be continued, it cannot be enlarged or extended, and if the application be considered one for a variance under the statute, there was no abuse of discretion on the part of the Board of Adjustment in denying it.Midland Park Coal and Lumber, Inc., v. Terhune, 136 N.J.L. 442
(Sup. Ct. 1948); affirmed, 137 N.J.L. 603 (E. A.
1948). Cf. Home Fuel Oil Co. v. Glen Rock, 118 N.J.L. 340, in which the Supreme Court, speaking through Mr. Justice Perskie, affirmed the conviction of the Fuel Company for having violated the zoning ordinance by commencing to erect a tank designed to store 360,000 gallons of fuel oil.
The appellant argues that this is not a case of right zoning and wrong use but is a case of wrong zoning and a right use, which is another way of attacking the ordinance. This argument is not available to the appellant and has been disposed of in the case last cited.
The judgment under appeal is affirmed without costs. *Page 68