51 N.J. Super. 53 (1958)
143 A.2d 192
ELISE L. GRUNDLEHNER, ET ALS., PLAINTIFFS-APPELLANTS,
v.
J. HENRY DANGLER, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1958.
Decided June 27, 1958.
*56 Before Judges PRICE, HANEMAN and SCHETTINO.
Mr. William C. Nowels argued the cause for appellants (Messrs. Mirne & Nowels, attorneys).
Mr. Lawrence A. Carton, Jr., argued the cause for respondents (Messrs. Roberts, Pillsbury & Carton, attorneys).
The opinion of the court was delivered by HANEMAN, J.A.D.
The appeal is from a dismissal by the trial court of a complaint which contested the validity of the action of (1) the board of adjustment of the Borough of Belmar in recommending, and (2) the board of commissioners of said borough in approving a variance from the borough's zoning ordinance.
The facts are:
Defendant Dangler is the owner of property at the corner of Eighth Avenue and South Lake Drive in the Borough of Belmar. That location is within 200 feet of property owned by plaintiffs. Dangler has there conducted a funeral home for some years prior to 1953. In that year the borough amended its zoning ordinance and thereby placed the Dangler property in the A-1 Residential Zone, which zone limits buildings to single one-family dwellings. Since the date of the amendment referred to, Dangler has been operating his funeral home as a non-conforming use.
On February 14, 1957 Dangler applied to the building inspector of the borough for a permit to erect an addition to his building. Under the plan of construction Dangler proposed to enclose an open side porch which is attached to the building, and to integrate the enclosure as a part of the building proper. The dimensions of the open porch are 10 feet in width and 26 feet in length. He intended to devote the enclosed addition to his business, and planned to include therein a powder room, office, elevator and a smoking room. At that time Dangler also applied for a permit to extend a garage in the rear of the property.
The building inspector denied Dangler's application. He, Dangler, then applied to the board of adjustment for a *57 variance. Upon a recommendation from the board of adjustment, the board of commissioners, on April 9, 1957, adopted the following resolution:
"Whereas, the Board of Commissioners of the Borough of Belmar have received a recommendation from the Board of Adjustment that permission be granted to J. Henry Dangler to erect an addition to the funeral home and garage located at Eighth Avenue and South Lake Drive, Belmar, New Jersey; and
Whereas, the Board of Commissioners have considered the testimony and evidence given before the Board of Adjustment and having also read the memorandums of law submitted by the Attorneys for the applicant and the objectors, and further, having viewed the premises in question;
The Board of Commissioners do make the following findings:
1. The premises in question have been utilized as a funeral home for a great many years and its use as such antedates the 1953 Zoning Ordinance of the Borough.
2. The granting of the addition to the funeral home itself by squaring off the building and adding elevator and other facilities will correct a peculiar and exceptional practical difficulty and hardship to the owner of the premises and the granting of this addition would be without substantial detriment to the public good and would not substantially impair the intent and purpose of the zoning plan and the zoning ordinance. This condition is not true insofar as the erection of an additional garage to the garages already existing on the premises and the denial of an additional garage will not work any undue hardship or difficulty to the owner.
Now, therefore, be it resolved by the Board of Commissioners of the Borough of Belmar as follows:
1. The recommendation of the Board of Adjustment for a variance to J. Henry Dangler, 8th Avenue and South Lake Drive, Belmar to erect an addition to the funeral home building located at said address is hereby approved and confirmed and the variance is hereby granted as to the building only.
2. The recommendation of the Board of Adjustment as to the addition to the garage is not approved and the variance to that portion is hereby denied."
Plaintiff, by an action in lieu of prerogative writ, contested this municipal action insofar as it granted Dangler a variance for the purpose of constructing an extension to the building proper. The parties having stipulated the facts at the pretrial, the court granted a motion by Dangler to dismiss the complaint.
*58 The trial court stated, in part, in its conclusions:
"I am of the opinion that in this case the variance granted defendant Dangler, (the variance for the building of a garage was denied), contemplates and authorizes no enlargement of the nonconforming use; that it does contemplate and authorize a small, rather than a substantial enlargement of the Dangler Funeral Home building, but that the changes in the Dangler building authorized are only for the purpose of modernizing the existing facilities and are merely incidental to the operation of the existing nonconforming use; that the relief granted defendant Dangler will not be detrimental to the public good and will not substantially impair the intent and purpose of the zone plan and ordinance; and that the record before me exhibits no arbitrary or capricious action by the local authorities that could be called an abuse of discretion; and that there is no basis in this case for the court to interfere with the discretionary action of the governing body of the defendant Borough in having granted the variance requested."
Plaintiff appeals from the action of the trial court upon the grounds that (1) the structural addition constitutes an enlargement of a non-conforming use and the granting of the variance is therefore void, and (2) the findings of the governing body are inadequate.
Dangler, on the other hand, urges:
"On the contrary, the Courts of this State and elsewhere have long recognized the difference between an increase in the use itself and a change or alteration in a building or structure (as in the present case), which involves no increase in that use. The former is not sanctioned by the statute. The latter depends upon whether the alteration is substantial in character and the circumstances of the particular case involved."
R.S. 40:55-48 provides, inter alia, that a non-conforming structure existing at the time of the passage of a zoning ordinance may be continued on the lot. Section 1401 of the Belmar ordinance provides that a non-conforming building may be continued but that no such building or structure shall be "extended, enlarged, reconstructed or structurally altered" and that "no structural alterations or substantial major changes shall be made in any [such] building or structure."
*59 At the outset it must be recognized that although R.S. 40:55-48 permits the continuance of a use or structure existing at the adoption of a zoning ordinance as a non-conforming use, the spirit of the law is to restrict such non-conforming use. In Ranney v. Istituto Pontificio Delle Maestre Filippini, 20 N.J. 189, 196 (1955), the court said (of non-conforming uses):
"Their position in the zoning scheme is not encouraged because of the tendency to subvert rather than support sound planning. Such uses possess a contagious character which works to infect the neighborhood of their location, Beirn v. Morris, 14 N.J. 529, 536 (1954); Note 9, U. of Chicago L. Rev. 477, 479, 480 (1942), and their presence is adverse to the zoning objective of reasonable conformity, Speakman v. Mayor and Council of Borough of North Plainfield, supra, 8 N.J. [250] at page 257."
In this State we have concluded that a non-conforming user is restricted to that area of his land which was employed for the non-conforming purpose at the passage of the zoning ordinance. An expansion of the operations or facilities to the boundaries of his land is not permitted. Ranney v. Istituto Pontificio Delle Maestre Filippini, supra, and cases cited therein.
We have determined as well that a building may not be so altered internally or externally as to extend or expand the area available for use for the non-conforming purpose. Home Fuel Oil Co. of Ridgewood v. Bd. of Adjust. of Borough of Glen Rock, 5 N.J. Super. 63, 67 (App. Div. 1949); Heagen v. Borough of Allendale, 42 N.J. Super. 472 (App. Div. 1956); Burmore Co. v. Smith, 124 N.J.L. 541 (E. & A. 1940).
The cases generally refer to the above two restrictions as an "extension of a non-conforming use." Analyzed, this actually connotes an increase in the area designed and available for use for the non-conforming purpose, and this is the criterion by which "extensions" must be measured in determining whether there is a violation of the zoning law. Where the matter presents a question concerning a non-conforming business use, the application may be denied even *60 though the extension will not result in an actual increase in the non-conforming business. The absence of an increase in the non-conforming business is not the determinative factor in cases where there is, in fact, an increase in the area suitable and available for use in the non-conforming business. The change must be substantial as distinguished from an insubstantial extension which neither effects an increase in the area of the premises devoted to the non-conforming use nor results in a change in the non-conforming purpose to which the premises are devoted.
Where an alteration or extension is so insubstantial, however, as to result in a negligible extension of the use it would seem to be proper. Martin v. Cestone, 33 N.J. Super. 267 (App. Div. 1954).
In Heagen v. Borough of Allendale, supra, the court said (42 N.J. Super. at page 482):
"In Martin v. Cestone, 33 N.J. Super. 267, 271 (App. Div. 1954), we stated that when there is doubt whether or not an extension of use is substantial, the extension should be disapproved. Likewise a change in use should be disapproved when there is doubt whether the change is substantial. These rules are derived from the general policy of the law (already adverted to) to restrict and disfavor a nonconforming use. Ranney v. Istituto Pontificio Delle Maestre Filippini, 20 N.J. 189, 196 (1955)."
Where a variance from a zoning ordinance is sought for the purpose of constructing an alteration or addition to a building housing a non-conforming use, the board or other body having jurisdiction of the matter must be satisfied beyond doubt that the proposed construction will not result in a substantial extension of the use or an increase in the area suitable and available for use in the non-conforming purpose. The burden is upon the applicant to prove the insubstantial nature of the construction. If there is any doubt that the construction is of an insubstantial nature, the variance must be denied. Each case must be separately considered on its facts.
The patent purpose of the municipal ordinance, adopted pursuant to the authority of R.S. 40:55-48, was to restrict *61 the non-conforming use to the area encompassed for that purpose on the effective date thereof.
There is a prima facie presumption that the power and discretion of municipal boards have been properly exercised, and the court will not substitute its judgment for theirs. The plaintiff cannot succeed in this action unless he establishes clearly that the commission's action was unreasonable. Wharton Sand & Stone Co. v. Montville Tp., 39 N.J. Super. 278 (App. Div. 1956); Stolz v. Ellenstein, 7 N.J. 291 (1951); Gerkin v. Village of Ridgewood, 17 N.J. Super. 472 (App. Div. 1952).
The size of the annex  260 square feet  intended to be built by Dangler to house a powder room, office, elevator and smoking room, raises doubt as to whether the proposed extension is insubstantial. See Burmore Co. v. Smith, supra. Neither can it be seen, in the light of the nature of the use to which the addition is intended to be put, how Dangler could have proved that the alteration would be insubstantial. The action of the board of commissioners was therefore unreasonable.
Reversed.