56 N.J. Super. 124 (1959)
151 A.2d 584
GOOD DEAL OF IVY HILL, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY AND GEORGE W. ANDRESS, DIRECTOR OF PUBLIC WORKS OF THE CITY OF NEWARK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 20, 1959.
*125 Mr. Leonard Lieberman for the plaintiff (Mr. Bernard Hellring, attorney).
Mr. James E. Abrams for the defendants (Mr. Vincent P. Torppey, attorney).
PINDAR, J.S.C.
Plaintiff, as lessee of lands situate entirely within the Town of Maplewood, Essex County, New Jersey, where it operates a modern supermarket, brings suit in lieu of prerogative writ for the removal of certain barricades which bar ingress to and egress from its premises.
Along the north, south and east lines said lands border and are contiguous to the boundary line of the City of Newark, Essex County, New Jersey. Located at a point along the northerly border there exists a public street designated as Eastern Parkway wholly within the City of Newark, which dead ends at the municipal boundaries, being the farthest southerly end of Eastern Parkway. At the terminus of said street or parkway there exist wooden barricades which block the entrance and exit of vehicular traffic and pedestrian passage into and from plaintiff's lands. The barrier to vehicular traffic has existed about 15 years (preceding plaintiff's acquired interest in the lands), while the bar to *126 pedestrian traffic was erected on October 16, 1958 (about two days after the supermarket was opened). Before plaintiff leased the property its lessor requested the removal of the highway barricade, and a short time previous to starting its operations plaintiff requested that the sidewalk barricades be removed. Both requests were refused. The boundaries are not physically separated at the municipal lines, except by the aforesaid barricades. It should be stated that no prescriptive right is involved and no inter-municipal relationship or agreement prevails respecting travel to and from the cities; also the area in question is located within a residential zone established by ordinance of the City of Newark.
Wherefore, plaintiff files this complaint demanding the removal of said barricades and for compensatory and punitive damages by reason of said refusal.
No substantial factual dispute exists in view of the stipulations of record. To be adjudicated here is the issue of plaintiff's right of ingress and egress to Eastern Parkway, and an award of damages if a determination sub judice is in its favor. At the close of the proof the cause was submitted.
As appears in the record, and in particular by the photographic exhibits in evidence, plaintiff's established operation provides for the delivery of its merchandise and supplies, as well as removal of material, at a location nearest to the vicinity of Eastern Parkway, which involves the movement of trucks for loading and unloading; whereas the portion provided for customers to shop is farthest therefrom, with parking facilities beyond the delivery area. All vehicular and pedestrian travel, if the barricades were not there, would in fact follow a course across the service area to reach the parking portion as well as the market building entrance for shopping. It is significant that the related layout for operations would develop, if the obstructions were eliminated, a resulting use of Eastern Parkway for commercial vehicles mostly, and only a nominal use by private vehicles or by customers on foot.
*127 Plaintiff's primary contention urges that the existing barricades deny possessory means of ingress and egress. Succinctly, it is urged that the aforedescribed location of plaintiff's lands form a lawful basis for its claim against interference with the generally recognized right of an abutting owner, i.e., a license to use a street or highway on which property fronts. But is such right applicable to the situation at bar? I believe not. A search of the cases fails to produce any precedent ruling by our courts on this contention. A review of the law in this State settling a property owner's right of ingress and egress has specific regard to lands that are parallel to or are situate along the side lines of an existing highway, in which case the right of passage of an abutting owner prevails. Lindel Realty Co. v. Miller, 2 N.J. Super. 204 (Ch. Div. 1948), affirmed 4 N.J. Super. 37 (App. Div. 1949).
The lands of the owners on the east and west sides of the most southerly end of Eastern Parkway, and fronting thereon, would have the indubitable right of ingress to and egress from the highway. To accept plaintiff's contended right would be in clear conflict, and an encumbrance to those owners. On the other hand, a denial of plaintiff's right here asserted does not landlock its premises in view of the evidence that ingress and egress is available from Irvington Avenue, a main artery for both municipalities which runs directly along the westerly frontage of plaintiff's property. Besides, from the City of Newark customers of plaintiff have a means of access to Irvington Avenue (to reach the supermarket) by way of Putnam Street and Norman Road.
In the case of Campbell v. City of Glendale, 211 S.W.2d 519 (Mo. Ct. of App. 1948), the plaintiff sought damages where the city vacated a strip of land along a dead-end street contiguous in part to the rear line of plaintiff's lands in the same city, which blocked entrance to his property. At trial the municipality was sustained, and appeal affirmed. Here it should be noticed no strip of land exists between *128 the municipal boundaries; also that the lands of the parties herein are wholly within different cities.
In Campbell v. City of Glendale, supra, 211 S.W.2d at page 520, the court said:
"It is true that plaintiffs' petition alleged that said lot No. 18 `abuts' Andrew Drive on the rear, but it shows by that very allegation that it does not `abut' Andrew Drive within the legal significance of that word, as a basis for damages, as defined by our Supreme Court in a decision to which we shall presently refer. The petition on its face shows that said lot No. 18 does not face or front on the side lines of Andrew Drive, but that the north end of said lot touches the south end of Andrew Drive where Andrew Drive comes to a dead end with the north end line of plaintiffs' lot No. 18."
In addition, the foregoing determination sub judice must be with consideration of the pertinent existing statutory authority for regulating municipal function. N.J.S.A. 40:67-1(f) provides:
"The governing body of every municipality may make, amend, and enforce ordinances to: * * *
f. Regulate or prohibit the erection and maintenance of fences or any other form of inclosures fronting on any municipal street, highway, lane, alley or public place; * * *."
Clearly the erection and maintenance of the barricades here questioned were actions entirely within the legislative authority conferred upon defendant and beyond judicial interference in the absence of violation of a substantive right. A fortiori, the grant of a municipal function, so bestowed, would as well refute cause for objection in the event of refusal to remove inclosures regularly installed.
In the case of Pyatt v. Mayor and Council of Borough of Dunellen, 9 N.J. 548, 554 (1953), reviewing N.J.S.A. 40:67-1, supra, the court said:
"The rule is that `* * * unless tainted with fraud, or palpably not in the service of the public interest, or otherwise a clear perversion of power', there is no occasion for judicial intervention." (Citing cases.)
*129 As previously stated, Eastern Parkway is entirely within the City of Newark and extends to the city line. It cannot be gainsaid that situation would prompt due concern for the incident of travel beyond this boundary. In that respect it is again noticed that traffic regulations by the barricade at the terminus of Eastern Parkway long preceded any need or purpose for municipal highway continuity. Such undertaken and preferred action cannot be said to have been unwarranted. Likewise, the subsequently erected sidewalk barrier can as well be adequately supported by reasonable concern for safe pedestrian travel, particularly because of the aforedescribed situation that would confront users.
In the case of Kirzenbaum v. Paulus, 51 N.J. Super. 186, at page 195 (Law Div. 1958), Judge Vogel reviewing comparable statutory authority, said:
"In the opinion of this court the term `regulate' in the cited statute is held to constitute a delegation of power by the Legislature to the municipality to authorize an encumbrance such as is here contemplated if, in the opinion of the municipal body, such authorization is in the public interest, with particular reference to the improvement of traffic conditions, and thereby affecting the safety and welfare of its citizens.
A contrary view would constitute a limitation upon the intendment of the statute, and provide an interpretation wholly illogical and a repudiation of the justification for the passage of the act. If the Legislature empowered a municipality to regulate the subject matter of the issue in this case, by necessity it must have contemplated the existence of the subject matter. To hold otherwise would be tantamount to a characterization of the statutory verbiage, ascribing thereto innocuity."
After full consideration and for the reasons expressed herein, upon a finding of fact and the law, it is concluded that the erection and maintenance of the barricades are proper under lawful authority to defendant.
Accordingly, the relief sought is denied. By virtue of that conclusion plaintiff's claim for damages must necessarily be denied.
Counsel should present conformable judgment.