STATE OF CONNECTICUT *v.* MORTIMER PERRY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 8, 1961—decided February 6, 1962

*Bernard Glazer,* for the appellant (defendant).

*Thomas J. Dolan,* with whom, on the brief, was *James J. O'Connell,* for the appellee (state).

SHEA, J. The defendant was convicted, after a trial to the court, of a violation of the zoning regulations of Stamford. He has appealed, claiming that the court erred in finding on all the evidence that he was guilty of the crime charged beyond a reasonable doubt.

The material facts are not disputed. The defendant is president of the Pickwick Ice Cream Company, which has manufactured ice cream for over twenty-five years on premises located on Newfield Avenue in Stamford. Prior to 1951, the premises were in an industrial zone. In that year, the property was rezoned to a commercial neighborhood zone, and the industrial use by the ice cream company became a nonconforming use. Before this change of zone, all of the property was used in connection with the ice cream business, either for manufacture or storage or for the parking of trucks. In January, 1959, the defendant brought to the prop-

erty a large trailer which was later insulated and equipped with a blower unit. A rubber hose attached to the trailer was connected to pipes leading from the manufacturing plant. Through these pipes, ammonia, as a cooling agent, was conducted to the trailer to refrigerate it. The trailer was kept at a freezing temperature all of the time and was used to store materials connected with the production of ice cream. The company owned a tractor to which it could connect the trailer for transportation purposes. The trailer is roadworthy, has no foundation and may be moved within a few minutes by hooking it up to the tractor. The trailer is not permanently registered with the commissioner of motor vehicles. Temporary registrations have been issued for it, but the last one expired December 24, 1959. Since then, the trailer has remained on the premises, constantly hooked up to the plant. In February, 1959, the zoning enforcement officer, in writing, requested the defendant to discontinue the use of the trailer.

The Stamford zoning regulations provide that a nonconforming use may be continued but may not be extended or expanded, or changed to a less restrictive use. Stamford Zoning Regs. § 9(A) (1951, as amended).[1] The intention of the regulations is to abolish nonconforming uses, or to reduce them to conformity, as speedily as justice will permit. This

---

[1] "Section 9—NON-CONFORMING USES. A—Any building or use of land or building legally existing at the time of enactment of this regulation, or of any amendments thereto, or authorized lawful permit issued prior to the adoption of these regulations which does not conform to the provisions of these regulations for the Use Districts in. which it is located, shall be designated a non-conforming use. Such use may be continued but may not be extended or expanded, or changed to a less restrictive use as listed in Section 5 — Land Use Schedule."

is in accordance with the policy of the law and the spirit of zoning. *Guilford* v. *Landon,* 146 Conn. 178, 182, 148 A.2d 551; *Salerni* v. *Scheuy,* 140 Conn. 566, 570, 102 A.2d 528. It is apparent from the evidence that the defendant attempted to provide, through the use of the trailer, additional enclosed space for his freezing and storing operations. Had he attempted to add to the existing building or to erect a new building for these purposes, he could not have done so, because this would have constituted, beyond question, an extension of a nonconforming use. What he cannot do directly he has attempted to do indirectly by the importation of the trailer. The facts clearly show that the trailer, because of its makeup, location and long continued attachment to the pipes leading from the plant, is intended, designed and arranged to be used to expand, enlarge and extend the nonconforming use conducted in the building on the premises. This is a clear violation of the regulation. *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 734, 137 A.2d 756; *Burmore Co.* v. *Smith,* 124 N.J.L. 541, 547, 12 A.2d 353; 2 Rathkopf, Law of Zoning and Planning (3d Ed.) p. 59-6. It is not a simple case of increasing the size of the defendant's business. Rather, it is an expansion and extension of the use of the premises by adding facilities for storage and the freezing of commodities where such accommodations had not previously existed. *Grundlehner* v. *Dangler,* 51 N.J. Super. 53, 59, 143 A.2d 192, modified on other grounds, 29 N.J. 256, 148 A.2d 806.

There is no error.

In this opinion the other judges concurred.