[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nancy R. Dillon, filed with this court an administrative or record appeal of a decision by the defendant, the Zoning Board of Appeals of the town of Weston (ZBA). The ZBA denied the plaintiff's application for variances of the Weston zoning regulations to permit a storage container or trailer, 40 feet by 80 feet, 320 square feet, to remain on her property, which is used as a gasoline and service station and is located at 107 Georgetown Road in Weston.[1] The purpose of the trailer is storage of auto parts and equipment. The station is known as "Midtown Servicenter" and operates under a general repairer's license.
The plaintiff's property, which she obtained in 1988, consists of approximately four-tenths of an acre and is located in a two-acre, single family residence zone. The use, building location and lot size are, however, legally nonconforming because the service and gas station existed at that location prior to the introduction of zoning in Weston in 1953.
The plaintiff applied to the ZBA for a variance of section 373.1 of the Weston Zoning Regulations, which prohibits nonconforming uses from being "enlarged or extended."[2] The ZBA held several public hearings and in a decision dated March 29, 2000, it denied the application for variances on the ground that the application sought to expand a nonconforming use.[3]
The plaintiff then appealed to this court pursuant to General Statutes § 8-8 (b), and alleged that the ZBA acted illegally, arbitrarily and in abuse of its discretion. The plaintiff specifically alleged that she would suffer irreparable harm and injury unless the variances were granted, and that the ZBA decision would put her out of business and was therefore confiscatory. At a hearing held by this court on May 29, 2002, the plaintiff was found to be aggrieved pursuant to General Statutes § 8-8 (a)(1), and hence to have standing to pursue this appeal, as she owns the property which is the subject of the appeal. BossertCT Page 11632Corporation v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968).
Under General Statutes § 8-6 (a)(3) a zoning board of appeals may "vary the application of the zoning . . . regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such . . regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."
The Supreme Court in Reid v. Zoning Board of Appeals, 235 Conn. 850,670 A.2d 1271 (1996), reviewed the law pertaining to variances, which it described as "well-settled." Id., 856. "Section § 8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing toconditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficultyor unusual hardship. . . . A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone . . . Variances cannot be personal in nature, and may be based only upon property conditions. . . . In fact, we have stated that [p]ersonal hardships, regardless of how compelling or how far beyond the control of the individual applicant, do not provide sufficient grounds for the granting of a variance . . . (Citations omitted; internal quotation marks omitted.) Id., 856-57.
As to the standard of review for this court to employ in reviewing the granting of a variance, it was held in Jaser v. Zoning Board of Appeals,43 Conn. App. 545, 684 A.2d 545 (1996), that "[i]t is well settled that courts are not to substitute their judgment for that of the board, and that the decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing CT Page 11633 . . . as the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . The court's function is to determine on the basis of the record whether substantial evidence has been presented to the board to support its findings. . . . [E]vidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Where the board states its reasons on the record we look no further. . . ." (Citations omitted; internal quotations omitted.) Id., 547-48.
"In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994). "Courts must not substitute their judgment for that of the zoning board and must not disturb decisions of local boards as long as honest judgment has been reasonably and fairly exercised after a full hearing." (Citation omitted; internal quotation marks omitted.) Fernandes v. ZoningBoard of Appeals, 24 Conn. App. 49, 53, 585 A.2d 703 (1991). It is also axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Id., 55.
Moreover, if any one of the reasons advanced by an agency is sufficient to support its granting of a variance, then its decision must be upheld.Sakson Nursery, Inc. v. Planning and Zoning Board of Appeals,30 Conn. App. 627, 629-30, 621 A.2d 768, cert. denied, 226 Conn. 908,625 A.2d 1379 (1993). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not attempt to weigh the evidence or determine issues of fact. Farrington v. Zoning Board of Appeals, 177 Conn. 186, 190,413 A.2d 817 (1979).
The application sought to permit the existence of a container of 320 square feet for storage purposes on the plaintiff's property. Hardship in the zoning sense is lacking in this case as the plaintiff is currently making use of her property as a gasoline service station. Variances were sought because of a desire by the plaintiff to increase the effectiveness of her business because she needed extra storage space, but the request violates the zoning regulations. This is not a case where a property owner is being deprived of all practical use of his or her property. As noted in Bloom v. Zoning Board of Appeal, 233 Conn. 198, 210-11 n. 13,658 A.2d 559 (1995), "the fact that an owner is prohibited from adding new structures to the property does not constitute a legally cognizable CT Page 11634 hardship."
"Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. . . . It is well established that the power to grant a variance should be sparingly exercised. Jaser v. ZoningBoard of Appeals, supra, 43 Conn. App. 548. "To establish a hardship under General Statutes § 8-6, an applicant must show not only that he is thwarted in a desired use of land, but also that he is being completely or almost completely deprived of the use of the value of that land." Id., 546 n. 2.
In addition to her argument regarding the existence of hardship, the plaintiff also contends that the ZBA erred when it ruled that the proposal to put a trailer or storage container on her property constituted an illegal expansion of an existing nonconforming commercial use in a residential zone. General Statutes § 8-2 (a) mandates that zoning regulations shall not prohibit the continuance of any nonconforming use or building existing at the time new regulations are adopted. A discussion of expanding nonconforming uses begins with the axiom that "[i]t is a general principle in zoning that nonconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit. In no case should they be allowed to increase. . . . While a mere increase in the amount of business done pursuant to a nonconforming use is not an illegal expansion of the original use, a change in the character of a use . . . does constitute an unlawful extension. . . ." (Citations omitted; internal quotation marks omitted.)Bauer v. Waste Management of Connecticut, 234 Conn. 221, 243, 662 A.2d 1179
(1995). "[W]e have recognized that certain changes in nonconforming uses represent permissible intensifications within the scope of the valid nonconforming use." Id.
Thus, the usual distinction in cases involving an alleged expansion of a nonconforming use is between an intensification of use, and, on the other hand, a change in the nonconforming use, which is not permitted. However, in this case, that distinction is immaterial because the current use of the property as a gas and service station under a full repairers license is not being changed. The expansion involves the building itself. In effect, the plaintiff wants to enlarge the building by adding a storage trailer. Whether the addition of storage space was to be connected physically to the main building or standing alone as proposed is irrelevant.
In Raffaele v. Planning Zoning Board of Appeals. 157 Conn. 454,254 A.2d 868 (1969), the Supreme Court held that "an extension of the space allotted to a nonconforming use is a proscribed extension of that CT Page 11635 nonconforming use . . ." Id., 462. Thus, the court found that the board in permitting expanded parking for a legally nonconforming use in a residential zone had unlawfully decided that "the present nonconforming use could, under the limitations imposed, be extended to an additional area to be developed." Id., 463. lt should also be noted that while the private club in Raffaele was a legally nonconforming use because it predated the zoning regulations, the operation of the club in its zone was a permitted use as a special exception, whereas, in the present case, the operation of a gasoline service station is not a permitted use in this single family residential zone. Therefore, the argument is stronger in the present situation that the addition of a storage container is a proscribed extension or enlargement of a nonconforming use.
In State v. Perry, 149 Conn. 232, 178 A.2d 279 (1962), the owner, who conducted a nonconforming business making ice cream, brought in a separate storage trailer which was "used to store materials connected with the production of ice cream." Id., 234. The court found that such a trailer was intended "to expand, enlarge and extend the nonconforming use conducted in the building on the premises." Id., 235. In words that are clearly applicable to this case, the Supreme Court in Perry stated that had the owner "attempted to add to the existing building or to erect a new building for these purposes, he could not have done so, because this would have constituted, beyond question, an extension of a nonconforming use. What he cannot do directly he has attempted to do indirectly by the importation of the trailer." Id. The trailer was "an expansion and extension of the use of the premises." Id.
Because there is substantial evidence to support the finding by the ZBA that hardship in the zoning sense did not exist, and based on the standard of review of decisions of a zoning board of appeals, the decision of the defendant ZBA in this case denying the requested variances was justified. The owner of the subject premises is currently making use of her property but desires to add another structure which constitutes an expansion of a nonconforming use, and hence violates the zoning regulations of Weston.
Therefore, the appeal by the plaintiff is denied. Costs are to be taxed by the clerk in favor of the defendant in accordance with General Statutes § 52-25 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of September, 2002.
William B. Lewis, Judge(T.R.) CT Page 11636