[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANT COMMUNITY VILLAGE, LLC, DATED DECEMBER 12, 2000, AND ON MOTION TO DISMISS OF DEFENDANT CITY OF MERIDEN PLANNING COMMISSION, DATED DECEMBER 15, 2000
INTRODUCTION
The captioned matter is an appeal from the grant ("grant") of site plan approval by the defendant City of Meriden Planning Commission ("Commission") to an application submitted by the defendant Community Village, LLC ("Community Village"). The appeal has been brought by Dominick J. Caruso ("Caruso"), who is alleged in the appeal to be the "Director of Development and Enforcement of the City of Meriden," and by James M. Anderson ("Anderson"), who is alleged in the appeal to be Meriden's "Zoning Enforcement Officer and Environmental Planner." Each defendant has moved to dismiss this appeal on the ground that neither Caruso nor Anderson has standing to bring it.
Because both motions to dismiss are based on the same ground, this decision addresses and decides both.
Whether Caruso and/or Anderson has standing requires a review of §8-8 (a) of the General Statutes (all further section references, except where otherwise indicated, are to the General Statutes) which provides, in relevant part:
 (1) "Aggrieved person" means a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or CT Page 15204 decision of the board. . . .
(2) "Board" means a municipal . . . planning commission . . .
 (b) any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located.
FINDINGS
After several days of testimony, and the introduction of numerous exhibits, the following facts are found:
1. On June 19, 2000, the Meriden City Council (which is Meriden's zoning commission) adopted a resolution which states:
 Pursuant to § C7-3 of the City Charter, the City Council hereby consents to the employment by the Corporation Counsel of special counsel to represent the City Planner in an appeal of the approval by the Planning Commission of the application of Community Village LLC to develop property located at Sam's Road (Cathole Mountain).
2. Community Village proposes a planned residential development district pursuant to § 213-26, et seq., of the Meriden Zoning Regulations ("Regulations").
3. Section 213-26, Regulations, provides that applications for site plan approval for a planned residential development district are to be acted on by the Commission.
4. Caruso is Meriden's Director of the Department of Development and Enforcement and its City Planner.
5. Section 3.22 of the Meriden Code of Ordinances provides, in relevant part:
 The Department of Development and Enforcement shall be responsible for the enforcement of all legislation, whether federal, state or city, pertaining to buildings and property maintenance, and it shall have and may exercise all power and authority . . . for the inspection, regulation and control of CT Page 15205 buildings, dwelling houses and other structures . . . for the granting of permits to erect . . . any building within the limits of said city.
6. Caruso's written job description provides, in relevant part:
 This is an executive supervisory position encompassing the direction of all City departments involved in the physical development of the City and the enforcement of all State Statutes, City Charter provisions and Ordinances pertaining thereto . . . (who) [r]epresents the City in all litigation cases involving land use regulations.
7. Anderson is Meriden's zoning enforcement officer.
8. Before a building permit can be issued by the Meriden building inspector for development of an improvement which is authorized by a site plan approval granted by the Commission, Anderson or Caruso must certify that the development of the improvement, as reflected in the application for a building permit, complies with that site plan approval.
9. In the past, Anderson and Caruso have issued cease and desist orders when they believed parties were not complying with site plan approvals granted by the Commission.
10. When parties have violated such a cease and desist order, Anderson or Caruso has initiated litigation to compel compliance with the site plan approval granted by the Commission.
11. Anderson has brought lawsuits against the Commission in the past when he believed the Commission had taken actions which violated the Regulations.
 DISCUSSION Section 8-8 (a)(1).
The defendants argue that the plaintiffs have neither alleged nor proven that either of them is, in the words of § 8-8 (a)(1), "charged with enforcement of any order, requirement or decision" of the Commission.
The appeal alleges (Paragraphs 1 and 2) that the "duties" of each plaintiff include zoning enforcement. The court concludes that if one has a duty, one is charged with that duty. Accordingly, the appeal CT Page 15206 sufficiently alleges that each plaintiff is charged with zoning enforcement.
The next issue presented is whether the evidence supports the allegations in the appeal that the duties of Caruso and Anderson include zoning enforcement, in particular, the enforcement of grants of site plan approval by the Commission of the type challenged here. As found above:
 Caruso's job description requires that he supervise all departments involved in physical development, and that he enforce all ordinances pertaining to such development; (Finding 6)
Anderson is Meriden's zoning enforcement officer; (Finding 7)
 Only Anderson or Caruso can certify to the building inspector, as a condition of the issuance of a building permit, compliance with a site plan approval which has been granted by the Commission; (Finding 8)
 In the past, Anderson and Caruso have issued cease and desist orders relative to actions which did not comply with a site plan approval granted by the Commission; (Finding 10)
 In the past, when such cease and desist orders have been violated, Anderson or Caruso has initiated litigation to compel compliance with a site plan approval granted by the Commission; (Finding 11) and,
 Anderson has brought lawsuits in the past when he believed the Commission had acted in violation of the Regulations.
From those findings, the court concludes that both Caruso and Anderson are "charged with . . . enforcement of' at least some of the orders, requirements or decisions of the Commission, including the site plan approval at issue here, within the meaning of § 8-8 (a)(1).
The question next presented is whether the grant by the Commission to Community Village was an exercise of zoning authority or, as has been argued at times in this appeal, an exercise of planning authority. That question calls for a review of § 8-3 (g) which provides, in relevant part:
 The zoning regulations may require that a site plan CT Page 15207 be filed with the commission or other municipal agency or official to aid in determining the conformity of a proposed building, use or structure with specific provisions of such regulations.
Section 8-3 (g) appears in the Chapter (124) of the General Statutes which is titled "Zoning," and the language and context of § 8-3 (g) make it clear that site plan approval pursuant to § 8-3 (g) is a zoning function. Because § 8-3 (g) permits the designation of any "municipal agency" to grant or deny site plan approval, the Commission can be a site plan agency, and it is held that the Commission's action in granting site plan approval to Community Village was the exercise of a zoning function.
Therefore, each plaintiff is a "person aggrieved by" the grant and "may take an appeal to the superior court. . .", as provided in § 8-8
(b).
Other Basis for Standing.
Section 8-8 (a)(1) states, in excerpted form: "`Aggrieved person' means a person aggrieved by a decision of a board and includes. . . ." (Emphasis added.) That is, § 8-8 (a)(1) is not exhaustive and does not limit the category of "(a)ggrieved person" to "any officer, department, board or bureau of the municipality charged enforcement. . . ." Because, § 8-8 (a)(1), by its use of the word "includes," establishes that parties other than "any officer, department, board or bureau" can be aggrieved, the question is raised whether there is a second basis for standing for either of the plaintiffs.
Guilford v. Landon, 146 Conn. 178 (1959), is instructive, although it did not involve an appeal pursuant to § 8-8, but rather an action to enjoin a zoning violation. There the court stated:
 The writ and summons named as party plaintiff "the Town of Guilford, a municipal corporation . . . acting herein through its Town Planning and Zoning Commission and the Enforcement Officer thereof." The defendants pleaded in abatement and alleged in substance that the town had no legal right to bring an action through others, that the commission and the enforcement officer had no legal right to sue on behalf of the town, and that the action should have been brought by the town, or by the individuals comprising the commission, or by the person who was the enforcement CT Page 15208 officer.
Id., 179. The Guilford court then went on to note, "The party in interest is the town." Id., 179. In concluding its discussion of whether the action had been brought by a proper party, the Guilford court said:
 While the present writ states that the commission and the enforcement officer are acting for the town, the complaint describes the town as the plaintiff . . . (O)ur practice has permitted actions enforcing the regulations of boards and commissions to be brought by them, and it has been customary to name the individual members as constituting such agencies. Under our Practice Act and rules, however, the courts overlook mere technicalities when no substantial rights of the parties are affected. . . .
(Citations omitted.) Id., 180
As Guilford makes clear, and as the defendants acknowledged in argument, this appeal could have been brought by the City of Meriden in its own name. Therefore, form would be elevated over substance if it were decided that the City Council of Meriden did not have the capacity to delegate to its City Planner the authority to prosecute this appeal, as it clearly did in its resolution of June 19, 2000. Accordingly, it is held that that resolution constitutes a basis for standing for the plaintiffs which is independent of the enumeration of statutory parties set out in § 8-8 (a)(1).
CONCLUSION
The motion to dismiss of each defendant is denied.
By the Court,
G. Levine, J.